Ahmed RABIE, Appellant,

v.

**SONITROL OF HOUSTON, INC., Appellee.**

No. 01–97–01025–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 13, 1998.

John C. Osborne, Houston, for appellant.

Peter Evans Pratt, Houston, for appellee.

Before MIRABAL, HEDGES and EVANS, JJ.*

* The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas

**OPINION**

MIRABAL, Justice.

This is an appeal from a summary judgment for the plaintiff in a breach of contract action. We reverse and remand.

Plaintiff Sonitrol of Houston, Inc., sued defendant Ahmed Rabie for breach of contract based on defendant's personal guaranty. Defendant filed a pro se general denial. Plaintiff then filed a motion for summary judgment. A certificate of service was attached to the motion stating the motion was sent by certified mail, return receipt requested, to defendant at the address listed in defendant's answer. Defendant did not respond to the motion, and the trial court entered summary judgment for plaintiff.

Defendant timely filed a motion for new trial, asserting that summary judgment was improper because defendant never received plaintiff's motion for summary judgment, nor did defendant receive notice from the post office that an item had been sent to him by certified mail, return receipt requested. Defendant's affidavit in support of the motion reads:

> With regard to Plaintiff's motion for summary judgment, I never received a copy of the motion and never knew about it. In fact, I never received such a document or any notice from the post office that anything certified mail, return receipt requested was waiting for my pick-up. I did not find out that a motion had been filed or a judgment granted until I received notice from the Court on or about June 22, 1997.

In response to defendant's motion for new trial, plaintiff presented a copy of the envelope that had contained plaintiff's motion for summary judgment and notice of submission. Notations on the envelope indicate that the United States Postal Service returned the envelope to plaintiff's counsel as "unclaimed" on June 13, 1997; other notations indicate the Postal Service left two notices that it was holding mail for defendant, one on May 29, and the other on June 3, 1997. These nota-

at Houston, participating by assignment.

tions do not appear to bear the signature of a postal officer. The summary judgment was signed on June 20, 1997.

In defendant's first point of error, he complains that the trial court erred in denying his motion for new trial because he did not receive proper notice of the motion for summary judgment.

 Under the rules applicable to summary judgments, plaintiff was required to serve the defendant with the motion for summary judgment and notice of submission at least 21 days prior to the date specified for the hearing. TEX.R. CIV. P. 166a.[1] Plaintiff could accomplish such service by sending the required documents by certified or registered mail, "which shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." TEX.R. CIV. P. 21a. This rule provides that an officer's certificate "showing service of a notice shall be prima facie evidence of the fact of service." But the rule further states: "Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just."

Plaintiff first contends that the notations on the face of the envelope are official certifications of the United States Postal Service showing that defendant, on two occasions, had constructive notice of the existence of the certified mail. Plaintiff also asserts that it is common knowledge "when certified mail is unable to be delivered, the postal carrier leaves a yellow notice indicating the attempted delivery and advising that certified mail is being held for pickup." Further, plaintiff asserts, "(i)f the letter is unable to be deliv-

ered after three[2] attempts the letter is returned to sender bearing a mark on the envelope showing the date of the attempted deliveries."

Defendant does not question the accuracy of plaintiff's assertions regarding the proper mailing of the motion for summary judgment and accompanying notice. Defendant contends, however, that the presumption of proper service under TEX.R. CIV. P. 21a was rebutted by his sworn affidavit that "he had never received any notice from the post office stating that he had a certified letter." Arguing that plaintiff failed to controvert his sworn affidavit, he asserts that the trial court abused its discretion in refusing to hold, as a matter of law, that his sworn denial rebutted the prima facie showing of notice under TEX.R. CIV. P. 21a.

 When a trial court has denied a motion for new trial, its ruling may be overturned only upon a showing of a clear abuse of discretion. *Osborn v. Osborn,* 961 S.W.2d 408, 410 (Tex.App.—Houston [1st Dist.] 1997, no writ). An abuse of discretion occurs when a court acts in an arbitrary or unreasonable manner, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators,* 701 S.W.2d 238, 241–42 (Tex. 1985).

 A trial court's discretion, however, is "not unbridled." *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (establishing certain "basic requirements" for a new trial). If the movant's allegations are uncontroverted and meet the test of the *Craddock* requirements, the court is compelled to grant the motion. *State Farm Life Ins. Co. v. Mosharaf,* 794 S.W.2d 578, 582 (Tex.App.—Houston [1st.Dist.] 1990, writ denied). Moreover, while courts are given considerable discretion in deciding whether a new trial should be granted, their discretion should be exercised "somewhat liberally in light of the guiding principle that new trials should be allowed freely when certain basic requirements are

---

1. This provision has been revised to permit a shorter period of time upon leave of court. TEX.R. CIV. P. 166a(c), effective September 1, 1997.

2. In this case, the postal notations indicate only two attempts were made to deliver the envelope.

met." *Iley v. Reynolds,* 319 S.W.2d 194, 198 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.) (quoting McDonald, Texas Civil Practice: New Trial, Vol. 4, p. 1449); *Maus v. Turman & Mitchell,* 456 S.W.2d 181, 184 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.).

■ In his brief, defendant recognizes that when "a motion and notice of hearing is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee." Tex.R. Civ. P. 21a; *Thomas v. Ray,* 889 S.W.2d 237, 239 (Tex.1994). However, defendant contends he rebutted this presumption when he stated under oath that he never received any notice from the post office that he had a certified letter, and that the trial court was required to accept his sworn statement as true because plaintiff failed to rebut his affidavit by filing a controverting affidavit, a "Postal form 3800 and form 3811a," or the affidavit of a postal clerk.

Defendant cites three cases in support of his position: *State Mutual Fire Ins. v. Williams,* 924 S.W.2d 746, 749 (Tex.App.—Texarkana 1996, no writ) (holding that defendant's affidavit denying receipt of notice of pretrial or trial settings rebutted presumption of notice raised by attorney's certificate of service and corroborated only by opinion of attorney's employee to the effect that the notices had "probably" been sent); *Ruiz v. Nicolas Trevino Forwarding Agency, Inc.,* 888 S.W.2d 86, 88 (Tex.App.—San Antonio 1994, no writ) (holding that certificate of service created only rebuttable presumption, which "vanished" when defendant filed sworn affidavit denying receipt of notice and plaintiff failed to produce "green card" verifying timely service of notice); *Ogunboyejo v. Prudential Prop. & Cas. Co.,* 844 S.W.2d 860, 862 (Tex.App.—Texarkana 1992, writ denied) (holding that trial court's finding that green

card had been altered to show timely notice was supported by the evidence).

In 1994, the Texas Supreme Court approved the rationale of these cases, holding that "if the factual assertions of the defendant's affidavits are not controverted, the defendant satisfies his or her burden if the affidavits set forth facts that, if true, negate intent or conscious indifference." *Old Republic Insurance Company v. Scott,* 873 S.W.2d 381, 382 (Tex.1994); *see also Litchfield v. Litchfield,* 794 S.W.2d 105, 107 (Tex. App.—Houston [1st Dist.] 1990, no writ) (holding that trial court is bound to accept uncontroverted affidavit meeting *Craddock* requirements); *Mosharaf,* 794 S.W.2d at 582.

■ The notations on the envelope in question tend to show that the United States Postal Service attempted service of the envelope and that after two unsuccessful attempts it returned the envelope to the sender "unclaimed." However, these notations do not constitute a certification by the postal service that the notices were delivered to defendant. Thus, there was no evidence before the trial court to controvert defendant's sworn affidavit stating that he never received notice of the certified mail.[3] Accordingly, defendant is entitled to a new trial because the record shows he was not given due notice of plaintiff's motion for summary judgment and notice of submission. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987).

Plaintiff further argues that the trial court properly denied defendant's motion for new trial because defendant did not show: (1) that his failure to reply to the motion for summary judgment was not intentional or the result of conscious indifference but was due to an accident or mistake; (2) that he had a meritorious defense; and (3) that there would be no delay or injury to the plaintiff.

■ We overrule these arguments. Once the defendant established by his uncontroverted testimony that he had not received

---

3. We find this case to be factually distinguishable from *Gonzales v. Surplus Ins. Servs.,* 863 S.W.2d 96, 102 (Tex.App.—Beaumont 1993, writ denied). There, the court found that the defendant had engaged in repeated instances of selective acceptance and refusal of certified mail, evidencing a purposeful effort to avoid service. The three-judge panel, with one justice dissenting, concluded that, upon the particular facts of the case, the defendant should be deemed to have constructive notice of the summary judgment hearing because he had engaged "in instances of selective acceptance/refusal of certified mail relating to the case." There is no such proof in the instant case.

the required notice, he was relieved from further responsibility of complying with the *Craddock* requirements. *Mosser v. Plano Three Venture,* 893 S.W.2d 8, 12 (Tex.App.—Dallas 1994, no writ) (holding that adequate notice is a fundamental element of due process); *Green v. McAdams,* 857 S.W.2d 816, 819 (Tex.App.—Houston [1st Dist.] 1993, no writ) (holding that failure of notice in contested case deprives a party of his constitutional right to be present at the hearing and results in violation of fundamental due process).

We sustain defendant's first point of error and therefore need not discuss the remaining issues raised in defendant's brief.

We reverse the trial court's judgment and remand for further proceedings.