NUMBER 13-02-00025-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI
- EDINBURG


___________________________________________________________________


DEBORAH LOUISE ROBERTS, Appellant,


v.



MARK ROBERTS, Appellee.

___________________________________________________________________


On appeal from the 357th District Court of Cameron County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Amidei (1) 


Opinion by Chief Justice Valdez


 

 


 

 Deborah Louise Roberts, plaintiff below, appeals a take-nothing summary
judgment in a case she filed against her ex-husband, Mark Roberts, for invasion of
privacy. The trial court granted appellee's no-evidence motion for summary judgment
after appellant failed to file a response to the motion.

 We affirm the judgment of the trial court. 

Factual and Procedural Background


 Appellee filed and served his no evidence motion for summary judgment on
September 4, 2001. According to the clerk's record, the court set the summary
judgment for hearing by fiat signed on September 17, 2001, and mailed to counsel on
September 18, 2001. Both the motion for summary judgment and the fiat indicate
service on appellant's counsel, Maria Estella Perez, at her office address. The hearing
was set for October 10, 2001. The appellant failed to file a response to the summary
judgment, and the trial court granted the no evidence summary judgment on October
12, 2001.

 On November 9, 2001, appellant filed a motion to set aside the summary
judgment contending that counsel did not receive notice of the motion for summary
judgment or the hearing date. According to appellant's counsel, she received a copy
of the signed order granting summary judgment on October 22, 2001. The signed
order indicates service on counsel at her home address.

 Appellant's motion to set aside the summary judgment contends simply that she
did not receive notice of the summary judgment or the hearing date. The motion is
neither verified nor is it supported by affidavit or other evidence. 

 Appellee filed a response to appellant's motion to set aside the summary
judgment. This response includes an affidavit from Eloy Jaimes, the postal service
carrier who attempted to serve Perez with certified mail. According to Jaimes, Perez
did not claim some of her mail, refused to accept some of her mail, and informed him
that "she would not be accepting any certified mail." According to the appellee's
summary judgment evidence, Perez refused to accept service of the summary
judgment motion.

 At the hearing on appellant's motion to set aside the summary judgment, Perez
did not offer documentary evidence or sworn testimony. Perez argued that she did not
receive the motion for summary judgment or fiat because she had been ill and had
been working from her home rather than from her office. Perez told the court that she
had not been working from her office since April 2001 due to three strokes, peritoneal
surgery, and eye surgery. Perez argued that she had given opposing counsel verbal
notice in a related case that, although she continued to pay rent at her office, he
should send mail to her home address rather than her office. Perez did not recall
having a conversation with the postal carrier who serviced her office.

 The trial court refused to set aside the no evidence summary judgment, stating
in the order that the court was "satisfied that due notice of filing of such Motion and
of the hearing thereon was given."

 On appeal, appellant raises five issues contending that: (1) the trial court
committed error subject to review by the appellate court by a writ of error; (2) the trial
court erred in granting a summary judgment to appellee and denying appellant her
constitutional right to due process; (3) the trial court erred in granting the summary
judgment because appellant did not receive the required notice, see Tex. R. Civ. P. 21a,
166a(c); (4) the trial court erred as a matter of law when it relied on misinformation
and misstatements by appellee's attorney in denying appellant her rightful day in court;
and (5) the trial court erred when it ruled that appellant's cause of action was
dismissed because she had violated the civil practice and remedies code, see Tex. Civ.
Prac. & Rem. Code § 30.015 (Vernon Supp. 2003) (governing counsel's requirement
to furnish the court and parties with address changes in civil actions).

Analysis


 Appellant's motion to set aside the judgment was unsupported by any evidence
whatsoever. Even assuming that the trial court could consider counsel's unsworn
argument regarding her lack of notice of the summary judgment and her excuse for
failing to file a response, we cannot say that the trial court abused its discretion in
refusing to set aside the summary judgment given the direct and uncontroverted
testimonial evidence concerning Perez's refusal to accept her certified mail. We
conclude that the trial court acted within its discretion in determining that appellant
received constructive notice of the summary judgment and fiat. See Rabie v. Sonitrol
of Houston, Inc., 982 S.W.2d 194, 197 n.3 (Tex. App.-Houston [1st Dist.] 1998, no
pet.) (citing Gonzales v. Surplus Ins. Serv., 863 S.W.2d 96, 102 (Tex.
App.-Beaumont 1993, writ denied)) (selective acceptance and refusal of certified mail
evidencing a purposeful attempt to avoid service can constitute constructive notice of
summary judgment). 

 We would reach the same result even if counsel had properly requested leave
to file a late response to the motion for summary judgment. Appellant's unverified and
unsupported motion to set aside the judgment neither establishes that appellant's
failure to respond was unintentional and not the result of conscious indifference, but
the result of an accident or mistake, nor does it establish that allowing a late response
would not have injured or unduly delayed the moving party. Carpenter v. Cimarron
Hydrocarbons Corp., 2002 Tex. LEXIS 222, at *2-*3, __ Tex. Sup. Ct. J. __
(December 31, 2002) (holding that the Craddock standard does not apply to a motion
for new trial following summary judgment where the respondent received notice of the
summary judgment before judgment was rendered); see Craddock v. Sunshine Bus
Lines, 133 S.W.2d 124 (Tex. 1939).

 Accordingly, we affirm the judgment of the trial court. 

 

 ROGELIO VALDEZ

 Chief Justice






Opinion delivered and filed

this 13th day of February, 2003. 

 


 


























1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to TEX . GOV'T CODE ANN. § 74.003 (Vernon 1998 )