Affirmed and Memorandum Opinion filed June 2, 2009








Affirmed
and Memorandum Opinion filed June 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00887-CV

____________

 

TANYA E. DOWELL, Appellant

 

V.

 

THEKEN SPINE, LLC, Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2006-43938

 



 

M E M O R A N D U M   O P I N I O N

Appellant Tanya E. Dowell appeals the trial court=s grant of summary
judgment in favor of appellee Theken Spine, LLC.  In two issues, Dowell
contends that because Theken did not give her proper notice of its motion for
summary judgment, the trial court erred in granting summary judgment in Theken=s favor and in
denying Dowell=s motion for new trial.  We affirm.








Dowell brought suit against Theken for products liability
and negligence, claiming that a surgical screw in Theken=s product failed,
causing her injury.  On June 26, 2007, Theken filed a no‑evidence motion
for summary judgment based on Dowell=s failure to
timely designate an expert witness.  Theken also filed a notice of hearing, stating
that a hearing on the motion was set for July 23, 2007.  Certificates of
service were attached to the motion and notice.  Dowell did not appear at the
hearing on the motion.  On July 23, the trial court granted the summary
judgment in favor of Theken, noting in its order that Dowell had not filed a
response.

Dowell=s counsel purportedly learned of the
motion and hearing through a voice message from the trial judge stating Theken=s motion would be
granted.  Dowell then raised the issue of lack of notice with the trial court. 
On July 27, Theken filed a ANotice of Filing Affidavit Regarding
Service of No‑Evidence Motion for Summary Judgment,@ which included
the affidavit of Vivian L. Scarborough, who attended the summary judgment
hearing on Theken=s behalf.  Scarborough=s affidavit states
that she sent the motion and notice of hearing to Dowell=s counsel=s address of
record via certified mail, return receipt requested, pursuant to Texas Rule of
Civil Procedure 21a.  Scarborough=s affidavit
further states that when no response was received from Dowell seven days before
the hearing, she verified that the package was not retrieved after the post
office attempted delivery at Dowell=s counsel=s office and that
notice was left there that mail needed to be picked up.  Scarborough attached a
ATrack &
Confirm@ document to her
affidavit showing that delivery was unsuccessfully attempted on June 27, and a
postal notice was left.








Scarborough further stated that at the hearing on the
motion for summary judgment, she Arepresented to the
[trial] [c]ourt that [she] did not anticipate a response from [Dowell] since
[Scarborough] had been able to confirm through the U.S. Postal Service that
[Dowell=s counsel] had not
claimed the certified mail@ containing the motion and hearing. 
According to Scarborough, the trial judge telephoned Dowell=s counsel and left
her a message regarding the motion.  Scarborough then showed the trial judge a
copy of the ATrack & Confirm@ document to
support Theken=s position that Dowell had not claimed the certified
mail containing the motion and notice.  The day after the trial court granted
summary judgment in Theken=s favor, the envelope containing the
motion and notice of hearing was returned to Scarborough Aunclaimed.@

Dowell filed a motion for new trial, asserting that she
never received Aservice@ of the motion and
notice of hearing.  Attached to her motion were, among other things, the ATrack &
Confirm@ document and the
envelope marked Aunclaimed.@  The trial court
held a hearing on Dowell=s motion, but no reporter=s record was
taken.  The trial court denied Dowell=s motion, and this
appeal followed.

In her first issue, Dowell argues that the trial court
erred in granting Theken=s motion for summary judgment because she
did not receive proper notice of the motion and hearing.[1]  The law prefers
that cases be resolved on their merits wherever possible, rather than by
default.  Ashworth v. Brzoska, 274 S.W.3d 324, 329 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  Because summary judgment is a harsh remedy, we must
strictly construe the notice requirements of Texas Rule of Civil Procedure
166a.  See Etheredge v. Hidden Valley Airpark Assoc., 169 S.W.3d 378,
383 (Tex. App.CFort Worth 2005, pet. denied).  The movant must comply
with all the requirements of Rule 166a before being entitled to summary
judgment.  Id.  The Texas Rules of Civil Procedure require motions for
summary judgment and notices of hearings to be served on all parties of
record.  See Tex. R. Civ. P. 21,
166a(c).  Proper notice to the nonmovant of the summary judgment hearing is a
prerequisite to summary judgment.  See Etheredge, 169 S.W.3d at 383.  Failure
to give notice violates the non‑movant=s due process
rights.  See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84B85 (1988); Lopez
v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).








A document may be served on a party by sending a copy via
certified mail to the party=s last known address.  Tex. R. Civ. P. 21a.  A certificate of
service by a party or attorney of record is prima facie evidence of the fact of
service, id., and creates a presumption of receipt of notice.  See
Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987); Approx. $14,980 v.
State, 261 S.W.3d 182, 187 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  This presumption is rebuttable through verified proof
of non‑receipt, Thomas v. Ray, 889 S.W.2d 237, 238B39 (Tex. 1994), as
A[n]othing [in Rule
21a] shall preclude any party from offering proof that the notice or instrument
was not received.@  Tex.
R. Civ. P. 21a.  A notice of hearing sent by certified mail and returned
Aunclaimed@ does not provide
the notice required by Rule 21a.  Approx. $14,980, 261 S.W.3d at 189; Rabie
v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex. App.CHouston [1st
Dist.] 1998, no pet.).  Therefore, verified proof that notice sent by certified
mail is returned Aunclaimed@ rebuts the
presumption of receipt of notice.  See Thomas, 889 S.W.2d at 238B39; Approx.
$14,980, 261 S.W.3d at 189; Rabie, 982 S.W.2d at 197.

Even if this presumption is rebutted, constructive notice
may be established if the serving party demonstrates compliance with Rule 21a
and presents evidence that the intended recipient engaged in instances of
selective acceptance or refusal of certified mail.  Approx. $14,980, 261
S.W.3d at 189.  However, evidence that notice of the hearing went Aunclaimed@ after the U.S.
Post Office unsuccessfully attempted delivery and left a notice of certified
mail at the intended recipient=s address does not, standing alone,
constitute evidence that the intended recipient dodged or refused delivery.  See
id.; Pessel v. Jenkins, 125 S.W.3d 807, 810 (Tex. App.CTexarkana 2004, no
pet.).








Here, the certificates of service attached to the summary
judgment motion and notice of hearing filed with the trial court at the time of
the hearing established a presumption of receipt of notice in Theken=s favor under Rule
21a.  See Tex. R. Civ. P. 21a;
Approx. $14,980, 261 S.W.3d at 187; Cliff, 724 S.W.2d at 780.  This
was the only verified proof regarding notice that was before the trial court
when it granted summary judgment.  Scarborough=s statements
regarding notice at the summary judgment hearing were not verified proof
rebutting the presumption of actual notice.  See Tanksley v. CitiCapital
Comm. Corp., 145 S.W.3d 760, 764 (Tex. App.CDallas 2004, pet.
denied) (holding that statements by counsel at the hearing on the motion for
summary judgment were not sufficient proof of notice under Rule 21a, and noting
that a summary judgment hearing is for argument only); see also Tex. R. Civ. P. 166a(c) (stating no
oral testimony shall be received at a summary judgment hearing); In re Brown,
277 S.W.3d 474, 485 n.3 (Tex. App.CHouston [14th
Dist.] 2009, no pet. h.) (noting that arguments of counsel are not evidence); Daugherty
v. Jacobs, 187 S.W.3d 607, 619 (Tex. App.CHouston [14th
Dist.] 2006, no pet.) (unsworn statements by counsel are not evidence). 
Likewise, the ATrack & Confirm@ document that
Scarborough states was shown to the trial judge at the summary judgment hearing
was not verified proof of non-receipt, as nothing in the record indicates that
it was formally entered into evidence at the hearing or filed with the courtCeither
independently or as part of Theken=s summary judgment
motionCat the time
summary judgment was granted.  See Tex.
R. Civ. P. 166a(c); Thompson v. Dart, 746 S.W.2d 821, 827B28 (Tex. App.CSan Antonio 1988,
no writ).  Because there was no verified proof before the trial court rebutting
the presumption of actual notice, the trial court did not err in granting
Theken=s summary judgment
motion due to lack of notice.  See Thomas, 889 S.W.2d at 238B39.  We therefore
overrule Dowell=s first issue.








In her second issue, Dowell contends that the trial court
erred in denying her motion for new trial because she presented evidence of
lack of Aservice@ demonstrating
that her failure to Aanswer@ was due to
mistake or accident.  We review the trial court=s denial of Dowell=s motion for new
trial for an abuse of discretion.  Dir., State Employees Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994).  A trial court must grant a motion
for new trial in this context when the evidence presented establishes that the
movant did not receive notice, which demonstrates that her failure to appear
was not intentional or the result of conscious indifference under the first
prong of the test articulated in Craddock v. Sunshine Bus Lines, Inc.,
133 S.W.2d 124 (Tex. 1939).  See Rabie, 982 S.W.2d at 197B98; see also
Ashworth, 274 S.W.3d at 329 (if notice was not received, appellant
satisfied the first prong of Craddock and need not establish a
meritorious defense to be entitled to a new trial); Mosser v. Plano Three
Venture, 893 S.W.2d 8, 11B12 (Tex. App.CDallas 1994, no
writ) (holding that party that never receives notice of a summary judgment is
relieved of the second and third Craddock requirements).

It was Dowell=s burden as the
appellant to furnish this court with a record supporting her allegations of
error.  See Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Simon
v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987) (finding
that appellant had the burden of presenting a sufficient record to establish
that the trial court abused its discretion).  We recognize that Dowell attached
a copy of the returned envelope marked Aunclaimed@ to her motion,
along with the Track & Confirm document purportedly shown to the trial
court at the summary judgment hearing.  However, no reporter=s record of the
hearing on Dowell=s motion for new trial was taken, and none
has been presented to this court.  Absent a complete record of the hearing
showing that the trial court abused its discretion in denying Dowell=s motion for new
trial, we must presume that adequate evidence was presented at the hearing to
support the trial court=s order.  See Simon, 739 S.W.2d at
794B95; In re
D.A.P., 267 S.W.3d 485, 487 (Tex. App.CHouston [14th
Dist.] 2008, no pet.); Motley v. Allison, No. 05-90-00747-CV, 1991 WL
119238, at *3 (Tex. App.CDallas July 2, 1991, no writ) (not
designated for publication).  Therefore, we cannot hold that the trial court=s order was an
abuse of discretion.  We overrule Dowell=s second issue.

Having overruled both of Dowell=s issues, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

Panel consists of
Justices Yates, Guzman, and Sullivan.









[1]  Theken argues Dowell has committed briefing waiver
on appeal by failing to cite to the clerk=s
record.  We must construe appellate briefs reasonably, yet liberally, to avoid
waiver and reach the merits of an appeal where reasonably possible.  Perry
v. Cohen, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).  Here, Dowell
supported the material portions of her statement of facts by referencing
documents attached as appendices to her brief, which are also contained in the
clerk=s record.  Dowell also filed a reply brief which
contained appropriate record cites.  Because Dowell=s briefing makes it reasonably possible to reach the
merits of her appeal, we decline to find briefing waiver.  See id.