REVERSED, RENDERED, and REMANDED; Opinion issued December 13, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01255-CV

## IN RE THE ESTATE OF OLEN F. CUNNINGHAM, DECEASED

On Appeal from the County Court at Law No. 2
Kaufman County, Texas
Trial Court Cause No. 10P-140

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

In this case of first impression, Elbert Cunningham appeals the trial court's denial of his bill of review. In a single issue, Elbert contends his bill of review should have been granted because he alleged and proved substantial error by the trial court. We reverse the trial court's judgment and render judgment granting the bill of review.

Olen Cunningham and his first wife, Wanda, had six children but divorced in 1978. Olen married his second wife, Helena, on March 15, 1985, and they remained married until Olen's death on November 28, 2008. During his life, Olen owned three tracts of land: 5 acres in Kaufman County he acquired in 1967 from his parents where he built his home, known as 15375 County Road 342, Wills Point, Texas; 24.2066 acres in Kaufman County he inherited from his parents in 1975 contiguous to the 5 acres noted above; and 54.3 acres in Van Zandt County he also inherited from

his parents. After Olen married Helena, he conveyed to her an undivided one-half interest in the 5-acre tract and an undivided 34-acre tract from the Van Zandt County property. He later conveyed 5.710 acres of the Van Zandt County property to his daughter, DeAnn.

On September 25, 2008, about two months before Olen died, he and Helena executed a document entitled "Agreement to Establish Right of Survivorship to Community Property between Spouses." Shortly after Olen's death, Helena filed an "Application for Adjudication of Agreement between Spouses Creating as Right of Survivorship in Community Property." On September 14, 2010, the trial court signed an order approving the application. The order stated all the "real and personal property" of Olen and Helena owned at the time of his death was community property and the September 25, 2008 agreement created a right of survivorship in their community property in favor of Helena.

Four months later, Elbert, one of Olen's six children with Wanda, filed a bill of review. In his bill, Elbert alleged Olen's real property had been acquired by inheritance and was his separate property. He further alleged the trial court's order contained substantial error by finding that the property owned at Olen's death was community property. He also asserted he had not been served with notice of Helena's application or the hearing on the same. Following a bench trial, the trial court concluded the "law and the facts supported the previous judgment" and denied Elbert's bill of review. This appeal ensued.

In his single issue, Elbert contends the trial court erred by denying his bill of review because he established substantial error in the September 14, 2010 order approving Helena's application. Specifically, Elbert challenges the trial court's conclusions that the September 25, 2008 agreement (1) complied with the requirements of section 4.203 of the Texas Family Code (conclusion of law #3) and (2) converted Olen's separate property into the community property of Olen and Helena

(conclusion of law #8). We agree.

The probate code provides a bill of review may be filed in the probate court to revise or correct an erroneous decision, order, or judgment rendered by that court. TEX. PROB. CODE ANN. § 31 (West 2003). In an appeal from the denial of a statutory bill of review filed under section 31, an appellate court must determine whether an interested person timely filed a bill of review and showed substantial error. *McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989, writ denied). The error need not appear on the face of the record; but if it does not, the party filing the bill of review must prove the error at trial by a preponderance of the evidence. *Id.*; *Nadolney v. Taub*, 116 S.W.3d 273, 278 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In this case, it is undisputed that Elbert is an interested person and he timely filed the petition for bill of review. Thus, the only disputed element is whether Elbert showed substantial error.

The trial court filed findings of fact and conclusions of law in support of its order denying Elbert's petition for a bill of review. We review a trial court's conclusions of law de novo; however, if the trial court rendered the proper judgment, an erroneous conclusion of law does not require reversal. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

The family code provides "spouses may agree that all or part of the separate property owned by either or both spouses is converted to community property." TEX. FAM. CODE ANN. § 4.202 (West 2006). An agreement to convert the separate property of one or both spouses to community property must be in writing, be signed by the spouses, identify the property being converted, and "specify that the property is being converted to the spouses' community property." *Id.* § 4.203(a). A mere transfer of a spouse's separate property to the name of the other spouse or to the name of both spouses is insufficient to convert separate property to community property. *Id.* § 4.203(b). An agreement to convert separate property to community property is not enforceable if the spouse

against whom enforcement is sought did not receive a fair and reasonable disclosure of the legal effect of converting separate property to community property. *Id.* § 4.205(a)(2).

The parties do not cite us to any cases addressing section 4.203, and our research has found none. In construing a statute, our primary objective is to determine and give effect to legislative intent as expressed in the language of the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We use the definitions prescribed by the legislature and consider any technical or particular meaning the words may have acquired. *Id.* Otherwise we construe the statute's words according to their plain and common meaning. TEX. GOV'T CODE ANN. § 311.011(a) (West 2005); *see Tooke v. City of Mexia*, 197 S.W.3d 325, 356 (Tex. 2006).

The document in this case is a fill-in-the-blank form, entitled "Agreement to Establish Right of Survivorship to Community Property between Spouses." It recites that the Texas Constitution was amended in 1987 to allow spouses to agree in writing that all or part of their community property be passed on the death of one spouse to the surviving spouse and states "[t]his form is intended for that purpose." The record shows the form was completed by Helena's son, Jeff, and Olen's brother, Martin, and signed by Olen and Helena. Under the first section, entitled "Statement of Facts," the form states:

> Community Property - The parties agree that the following is held as their community property:
>
>> a. Home and other real property locate[d] at:
>> *15375 County Road 342 Wills Point TX including all inheritance property*

The second section, entitled "Title on Death of Spouse," states:

> It is agreed that title to all community property of Husband and Wife, specifically identified herein or held as community property shall pass to the surviving spouse upon the death of the first of us to die, without the necessity of probate court proceedings or other legal

action other than the recording of this Agreement in the records of the County Clerk of _Kaufman_ County.

(Italics denote handwritten portions.)

After reviewing the record and considering the plain language of the statute, we conclude this agreement fails to comply with sections 4.203 and 4.205 of the family code. Specifically, the agreement does not state the spouses agree to convert all or a part of one spouse's separate property into community property. Assuming Olen intended to convert all three tracts of his real property from separate to community, the agreement identifies only the 5-acre tract known as 15375 County Road 342, Wills Point, and fails to identify the remaining two tracts. Finally, there is nothing in the record to show Olen or Helena received a "fair and reasonable disclosure of the legal effect of converting separate property to community property." In fact, Helena testified they did not discuss the effect of converting Olen's separate property to community property, nor did they have any documentation explaining the same. Because the agreement signed by Olen and Helena did not comply with the requirements of sections 4.203 and 4.205, it did not convert Olen's separate property into community property. The trial court erred in concluding to the contrary. We sustain Elbert's sole issue.

We reverse the trial court's July 6, 2011 judgment denying Elbert's bill of review, render judgment that the bill of review be granted, and remand this case for further proceedings.

MOLLY FRANCIS
JUSTICE

111255F.P05

—5—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE ESTATE OF OLEN F.
CUNNINGHAM, DECEASED

No. 05-11-01255-CV

Appeal from the County Court at Law No. 2
of Kaufman County, Texas. (Tr.Ct.No. 10P-
140).
Opinion delivered by Justice Francis,
Justices Morris and Murphy participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's
judgment, **RENDER** judgment granting the bill of review, and **REMAND** this case for further
proceedings. We **ORDER** Elbert Cunningham recover his costs of this appeal from Helena
Cunningham.

Judgment entered December 13, 2012.

_____
MOLLY FRANCIS
JUSTICE