**Opinion issued October 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00727-CV

———————————

## FREDERICK CHAVEZ, Appellant

## V.

## SEBASTIAN T. CHAVEZ AND MARY JO HARPER, Appellees

On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Case No. 409,456

## MEMORANDUM OPINION

Appellant, Frederick Chavez, challenges the probate court's denial of his

petition for a statutory bill of review[1] to set aside a summary judgment granted in

---

[1]     *See* TEX. PROB. CODE ANN. § 31 (Vernon 2012).  Section 31 has been recodified
        into substantively similar language at Texas Estates Code section 55.251.  *See*
        TEX. EST. CODE ANN. § 55.251 (Vernon 2014) (formerly TEX. PROB. CODE ANN.

favor of appellees, Sebastian T. Chavez and Mary Jo Harper, and an order admitting a will to probate. In three issues, appellant contends that the probate court erred in granting summary judgment and admitting the will to probate based on deemed admissions.

We reverse and remand.

## Background

In 2011, appellees filed an application in the probate court to admit a copy of a lost 1995 will (the "1995 Will") of their father, the decedent, George Chavez, Sr. In the 1995 Will, the decedent bequeathed his estate to his wife and five children. Appellant, proceeding pro se, filed an answer denying the validity of the 1995 Will. He asserted that the decedent, in 2008, executed a new will (the "2008 Will"), in which he expressly revoked all prior wills, noted that he was then pre-deceased by his wife and one of his children, and named appellant as the beneficiary of the estate.

Appellees filed a no-evidence and matter-of-law summary-judgment motion, asserting that the 1995 Will constituted the decedent's last will and arguing that the 2008 Will is invalid because the decedent lacked testamentary capacity and the will lacked due execution. Appellees asserted that appellant could adduce no evidence to establish the validity of the 2008 Will. In support of their matter-of-

§ 31); *Smalley v. Smalley*, 436 S.W.3d 801, 806 n.7 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

2

law summary-judgment motion, appellees presented their requests for admissions, arguing that because appellant had not answered them, they were deemed admitted against him. Appellees asserted that the deemed admissions established that the decedent lacked testamentary capacity at the time he executed the 2008 Will because he was suffering from dementia or Alzheimer's Disease and appellant had facilitated preparation of the 2008 Will. Appellees further asserted that their attached witness affidavits established that a neurologist had, in October 2008, diagnosed the decedent with Alzheimer's Disease and the decedent was, at the time, "forgetful and confused."

On June 19, 2012, after appellant had not responded to the summary-judgment motion or appeared at the summary-judgment hearing, the probate court granted appellees summary judgment on both no-evidence and matter-of-law grounds. On September 5, 2012, the probate court admitted the 1995 Will to probate, authorized letters testamentary, and appointed appellees as independent executors.

On February 22, 2013, appellant filed his petition for bill of review, challenging the probate court's order granting appellees summary judgment and its order admitting the 1995 Will to probate. He asserted that appellees had not served him with their summary-judgment motion or notice of the hearing on their motion. He also argued that the "motion for summary judgment was improperly granted

based on deemed admissions" because appellees had never served him with their requests for admissions. He further argued that the probate court erred in admitting the 1995 Will because the decedent, in the 2008 Will, had revoked the 1995 Will. After a hearing, the trial court denied appellant's petition.

**Standard of Review**

Texas Probate Code section 31 authorizes a bill of review in probate proceedings, as follows:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court . . . revised and corrected on showing error therein; but no process or action under such decision, order, or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

TEX. PROB. CODE ANN. § 31 (Vernon 2012). A statutory bill of review is not subject to the limitations or requirements of an equitable bill of review. *See McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989, writ denied); *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ).

In an appeal from the denial of a bill of review filed under section 31, an appellate court must determine whether an interested person timely filed the bill of review and specifically alleged and proved "substantial error" by the trial court. *In re Estate of Cunningham*, 390 S.W.3d 685, 687 (Tex. App.—Dallas 2012, no pet.);

4

*In re Estate of Jones*, 286 S.W.3d 98, 100–01 (Tex. App.—Dallas 2009, no pet.) (noting relief under section 31 required movant to "allege substantial errors which, if proven, would justify the correction or revision of the trial court's . . . order" admitting will to probate); *Nadolney v. Taub*, 116 S.W.3d 273, 278 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Hoover v. Sims*, 792 S.W.2d 171, 173 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *Hamilton v. Jones*, 521 S.W.2d 350, 353 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The error, which the movant must show by a preponderance of the evidence, need not appear on the face of the record and may be proved at trial. *Nadolney*, 116 S.W.3d at 278; *Hoover*, 792 S.W.2d at 173. In reviewing the denial of a petition for bill of review, "every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied).

**Notice**

In three issues, appellant argues that the probate court committed "substantial error" in granting summary judgment and admitting the 1995 Will to probate, based in part on deemed admissions, because appellees did not serve him

5

with their requests for admissions, summary-judgment motion, or notice of the hearing on their motion.[2]

Except on leave of court, a summary-judgment motion and any supporting affidavits "shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). Not later than seven days before the hearing, except on leave of court, the adverse party may file and serve opposing affidavits or other written response. *Id.* "Notice of [a] summary judgment hearing is essential to due process." *Clemons v. Denson*, 981 S.W.2d 941, 944 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Because summary judgment is a harsh remedy, we strictly construe the notice requirements of the rule. *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied).

Further, although a party's failure to timely respond to requests for admissions normally results in the matters therein being deemed admitted against him and conclusively established, such matters cannot be deemed admitted against a party if service of the requests for admissions was not perfected. *See* TEX. R. CIV. P. 198.2, 198.3; *Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex.

---

[2] It is undisputed that appellant is an interested person and timely filed his petition for bill of review. *See* TEX. PROB. CODE ANN. § 31; *Cunningham*, 390 S.W.3d at 687. Therefore, the only element in dispute is whether he showed substantial error.

1998); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A party's duty to respond is dependent upon receipt of the requests."); *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.) (noting "duty to respond does not ripen until service has been perfected").

"Every notice required by the [Texas Rules of Civil Procedure], and every pleading, plea, motion, or other form of request," with exceptions not applicable here, "may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." *See* TEX. R. CIV. P. 21a; *Etheredge*, 169 S.W.3d at 382 (noting service of requests for admissions requires compliance with rule 21a). Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. *See* TEX. R. CIV. P. 21a. "A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." *Id*. Further, notice properly sent pursuant to rule 21a, raises a presumption of proper receipt by the addressee. *Id*.; *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The presumption of receipt may be rebutted by introducing opposing evidence that the mailing was not received. *See* TEX. R. CIV. P. 21a.

Here, appellees' summary-judgment motion contains a certificate of service, signed by counsel, asserting that they sent it to appellant at his Eastwood address "by fax, hand delivery, or certified mail on the 14th day of May 2012." Appellees' notice of the hearing on their summary-judgment motion also contains a certificate of service, asserting that it was "served" on May 14, 2012. Thus, by their certificates of service, appellees invoked the presumption of proper service and receipt. *See* TEX. R. CIV. P. 21a; *Mathis*, 166 S.W.3d at 745. "The presumption vanishes, however, if opposing evidence is introduced that the notice in question was not received." *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 544–45 (Tex. App.—Austin 2004, no pet.).

Appellant rebutted the presumption of service of appellees' motion for summary judgment and notice of hearing by presenting the certified mail return receipt, which reflects that the post office "notified" appellant of the mailing on May 15 and May 20, 2012 and then returned the item on May 30, 2012. A notice sent by certified mail and returned does not provide the notice required under rule 21a. *See Approximately*, 261 S.W.3d at 189 (noting returned envelope bearing post office notation package unclaimed sufficient to rebut presumption of service); *Limestone Constr., Inc.*, 143 S.W.3d at 545 (noting evidence post office's attempts to deliver summary-judgment motion had failed and package returned constitutes proof of non-receipt); *Rabie v. Sonitrol of Hous., Inc.*, 982 S.W.2d 194, 197 (Tex.

8

App.—Houston [1st Dist.] 1998, no pet.) (holding summary-judgment motion and submission notice sent by certified mail but returned unclaimed did not provide nonmovant with due notice). Appellees asserted at the bill-of-review hearing that service to appellant of their summary-judgment motion and notice of hearing was by certified mail only.

Further, appellees' requests for admissions contain a certificate of service, which was signed by counsel, who asserted that the requests were "forwarded" to appellant at his Eastwood address "by hand-delivery, fax or certified mail on the 12th day of March 2012." Again, appellees invoked the presumption of proper service and receipt. *See* TEX. R. CIV. P. 21a; *Mathis*, 166 S.W.3d at 745. However, appellees' certified mail envelope reflects that the post office "notified" appellant at his Eastwood address on March 13 and 18, 2012 and then returned the item as "unclaimed" on March 28, 2012. The returned envelope bearing the post office's "unclaimed" mark is sufficient to rebut the presumption of service. *See Approximately*, 261 S.W.3d at 189; *Etheredge*, 169 S.W.3d at 382; *Rabie*, 982 S.W.2d at 197. And appellees asserted at the bill-of-review hearing that service to appellant of their requests for admissions was by certified mail only.

Appellees assert that even if appellant did not have actual notice of their summary-judgment motion, hearing, and requests for admissions, he had constructive notice because he engaged in selective acceptance and refusal of their

9

certified mailings. Appellant asserts that "[w]ithout evidence in the record that [he] dodged or refused delivery of certified mail, constructive notice cannot be imputed to him."

Even if the presumption of actual notice is rebutted, "constructive notice" may be established if the serving party presents evidence that the intended recipient refused all certified mailings or engaged in repeated instances of selective acceptance and refusal of certified mail relating to the case. *Etheredge*, 169 S.W.3d at 382; *see Roberts v. Roberts*, 133 S.W.3d 661, 663 (Tex. App.—Corpus Christi 2003, no pet.) (refusing all certified mail); *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993), *overruled on other grounds*, *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex. 2002) (because respondent engaged in repeated instances of selective acceptance and refusal of certified mail, which evidenced purposeful effort to avoid service, constructive notice of summary-judgment hearing deemed).

Appellees argued in their response to appellant's petition for bill of review, and at the bill-of-review hearing, that appellant had engaged in selective refusal of their certified mailings of their requests for admissions in March 2012 and their summary-judgment motion and notice of hearing in May 2012 because he claimed other certified mail that they had sent to him at the same address. They presented to the bill-of-review court certified mail receipts showing that appellant had

10

claimed items sent to him at his Eastwood address on November 10, 2012 and December 20, 2012.

Cases holding that a respondent had constructive notice of certified mailings have done so based on evidence that the respondent refused all certified mail or engaged in repeated instances of selective acceptance and refusal of certified mail, evidencing a purposeful effort to avoid service. *See Roberts*, 133 S.W.3d at 663 (noting postal worker's testimony defendant had informed him "she would not be accepting any certified mail"); *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 700 (Tex. App.—Fort Worth 1998, no pet.) (noting defendant acknowledged having refused multiple mailings pertaining to case); *Gonzales*, 863 S.W.2d at 102 (noting defendant did not claim first mailing, claimed second, then did not claim third).

Here, evidence that notice to appellant went unclaimed for a period of time after the post office unsuccessfully attempted delivery, standing alone, does not constitute evidence that appellant dodged or refused delivery. *See Approximately*, 261 S.W.3d at 189–90 (noting failure to claim mail not, on its own, evidence defendant dodged or refused delivery of certified mail); *Etheredge*, 169 S.W.3d at 382; *Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.) (noting evidence of one mailing of notice by certified mail, attempted to be delivered twice, not proof of selective acceptance or refusal); *Rabie*, 982 S.W.2d at 197; *see also Dowell v. Theken Spine*, LLC, No. 14–07–00887–CV, 2009 WL

11

1677844, at \*2–3 (Tex. App.—Houston [14th Dist.] June 2, 2009, no pet.) (mem. op.) (concluding evidence notice of summary-judgment hearing went "unclaimed" after post office unsuccessfully attempted delivery and left notice of certified mail at intended recipient's address did not, standing alone, constitute evidence that recipient dodged or refused delivery). Further, evidence that appellant later accepted certified mail related to the case does not indicate that he dodged or refused service of mail six to nine months earlier. *See Myers v. Cnty. of Williamson*, No. 03-10-00410-CV, 2011 WL 6352288, at \*4 (Tex. App.—Austin Dec. 16, 2011, no pet.) (mem. op.). We conclude that constructive notice of the summary-judgment motion, hearing on the motion, and requests for admissions cannot be imputed to appellant on these facts.

There having been no actual or constructive notice, in accordance with rule 21a, of appellees' summary-judgment motion, notice of hearing, or requests for admissions, we hold that the trial court erred in granting appellees summary judgment and admitting the 1995 Will to probate.

We sustain appellant's three issues.

## Conclusion

We reverse the judgment of the probate court denying appellant's petition for statutory bill of review and remand this case to the trial court for further proceedings consistent with this opinion.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.