# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00800-CV

### Ardetra Lewis, Appellant

### v.

### Housing Authority of Austin, Appellee

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
NO. C-1-CV-15-008003, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Ardeta Lewis appeals from the trial court's post-answer default judgment against her in favor of the Housing Authority of Austin (HACA). In two issues, Lewis contends that the trial court abused its discretion in proceeding to trial and denying her motion to set aside the default judgment because HACA failed to prove that she had actual or constructive notice of the trial setting and Lewis met the three-part test under *Craddock* for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Lewis was a resident of Chalmers Court, a public housing community owned and operated by HACA. Jarrell Green is the father of Lewis's child and was a frequent guest at her residence. HACA brought a forcible detainer action against Lewis in justice court alleging

nonpayment of rent and seeking to evict her and all other occupants. *See* Tex. R. Civ. P. 500.3(d) (providing for eviction cases in justice court). Lewis appeared pro se at an informal conference and at the bench trial. The justice court awarded HACA judgment for possession of the premises, rent, and costs. Acting pro se, Lewis filed an appeal, seeking trial de novo in the county court. *See id.* 506.3 (providing that appeal from justice court must be tried de novo in county court). The county clerk issued a Notice of Appeal, which confirmed receipt and filing of the appeal transcript from the justice court and notified Lewis that if she had not filed a written answer in justice court, it was necessary for her to do so in county court, and that if an answer was not received within eight days after the appeal transcript was filed, the other party could take a default judgment against her.[1] In September 2015, the county clerk mailed the Notice of Appeal to Lewis at her Chalmers Court address by certified mail, return receipt requested. The notice was signed for, and the signature on the return receipt appears to resemble the name "Jarrell Green."[2] HACA asserts that the county clerk also mailed the Notice of Appeal by first class mail, but the record does not contain a copy of any such mailing.

In October 2015, HACA sent Lewis a letter asking Lewis to choose between suggested trial dates and times and to contact HACA's counsel with her selection. HACA sent the letter to Lewis at her Chalmers Court address by first class mail and by certified mail, return receipt

---

[1] The appellate record does not reflect whether Lewis filed a written answer in the justice court proceeding.

[2] In its opening brief, HACA argues that the signature appears to be that of Green. However, in response to Lewis's reply brief—in which Lewis points out that Green denied signing for any letters for Lewis, that HACA did not ask him if the signature on the return receipt was his, and that the record contains no examples of Green's signature—HACA concedes that the evidence does not support an inference that Green signed the return receipt.

2

requested. When HACA did not receive a response from Lewis regarding a trial date, it set the case for trial on November 10, 2015, at 9:00 a.m., filed its First Amended Petition for Forcible Detainer, and sent the amended petition and a Notice of Trial Setting to Lewis at her Chalmers Court address. The notice included a certificate of service signed by counsel for HACA, certifying that the notice had been served on Lewis at her Chalmers Court address on November 2, 2015, by first class mail and certified mail, return receipt requested. Lewis did not attend the trial on November 10, 2015. HACA offered into evidence copies of the two letters it had sent Lewis with proof of mailing, including copies of envelopes, certified mail receipts, and U. S. Postal Service tracking information. The tracking information for both certified letters indicated that the notices of certified mail were delivered but did not indicate whether the letters were claimed or returned unclaimed. The trial court entered a default judgment against Lewis and awarded HACA judgment for possession, rent, late fees, cable charges, maintenance charges, and attorney's fees.

Acting pro se, Lewis filed a Motion to Set Aside Default Judgment, asserting that she had not received notice of the trial setting. At the hearing on the motion, HACA offered into evidence the same exhibits it had offered at trial concerning mailing of the two letters and notice of trial setting, with updated U. S. Postal Service tracking information for the certified letters indicating that the maximum hold time had expired and they remained unclaimed. The tracking information for the second letter and notice of trial also indicated that it had been returned to the U. S. Postal Service. HACA also offered into evidence a copy of the county clerk's Notice of Appeal with the signed certified mail return receipt. Lewis and Green both testified that Lewis had not received notice of the trial setting. Lewis verified her address and stated that it was the only address she

3

used—that she had "used another address" but her mail "comes [to the Chalmers Court address] now." She testified that she "received other court dates . . . other hearings . . . in the mail" and "went to every single one of those" but did not receive either the first class or certified mailings concerning trial and if she had, she "would have been at court." When asked how she could explain why the letter mailed by first class was not returned as undeliverable, she stated, "I can't explain it." When asked "who all" lived at her apartment, she responded, "I live in my apartment." Lewis also testified that there is no one else who stays with her that picks up her mail.

Green testified that he lived with his mother and did not "stay" at Lewis's apartment but was there every day. He referred to Lewis's residence as "our apartment" and stated that there were five other apartments with the same number, that all the mailboxes were in the same area, and that "we get other people's mail all the time," but as far as the notice that was supposed to have come, "we've never gotten it back from anybody else." Green testified that Lewis receives mail at the Chalmers Court address, that her address had not changed in the past three months, that he checks the mail sometimes if Lewis is busy and asks him to, and that Lewis also receives mail at a couple of other addresses. He testified that he did not recall signing for any mail or envelopes for Lewis but had signed for a package. HACA did not ask Green if the signature on the return receipt for the Notice of Appeal was his signature, and neither party offered an example of his signature into evidence.

In addition, Green testified that Lewis went to the county clerk's office to pay her rent on November 5, 2015, five days before the trial, asked about any court dates, and was told that there were none. Lewis alleged the same in her Motion to Set Aside Default Judgment dated

4

November 30, 2015.[3] The trial court denied Lewis's Motion to Set Aside Default Judgment. This appeal followed.[4]

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements known as the *Craddock* test. *Craddock*, 133 S.W.2d at 126; *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (stating that *Craddock* test applies to post-answer default judgments). The *Craddock* test is well established: A trial court should set aside a default judgment and order a new trial in any case in which (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Craddock*, 133 S.W.2d at 126. When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a

---

[3] The appellate record also contains a second Motion to Set Aside Default Judgment dated December 14, 2015—after the trial court had signed an order denying Lewis's motion to set aside—in which Lewis alleged that the signed return receipt offered into evidence at the hearing on her motion to set aside was falsified, disputed that the signature on the return receipt was that of Green, and asserted that even if it were his signature, she should not "be held responsible or liable for someone who is not a part of the case or on my lease."

[4] Lewis obtained counsel through the Texas Third Court of Appeals Pro Bono Program and does not appear pro se in this appeal.

trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926. A party who proves lack of notice of a trial setting satisfies the first *Craddock* element because one cannot show intent or conscious indifference with regard to a trial of which one is unaware. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 543–44 (Tex. App.—Austin 2004, no pet.) (citing *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, pet. denied)).

## DISCUSSION

In her first issue, Lewis argues that the trial court abused its discretion in proceeding to trial and in denying her motion to set aside the default judgment because HACA failed to prove that she had actual or constructive notice of the trial setting. A defendant who has made an appearance in a cause is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). Under Rule 21a "[e]very notice required by [the Texas Rules of Civil Procedure] . . . may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 21a(a)(2). Service by mail is complete upon deposit of the documents in a properly addressed envelope, postage prepaid, in a post office or official depository of the U. S. Postal Service. Tex. R. Civ. P. 21a(b)(1); *Giddings v. Curtis*, No. 04-15-00102-CV, 2015 Tex. App. LEXIS 11564, at *6 (Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op.); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A certificate of service by a party or an attorney of record, or the return

of the officer, or the affidavit of any person showing an authorized method of service shall be prima facie evidence of the fact of service. Tex. R. Civ. P. 21a(e); *Mathis*, 166 S.W.3d at 745. "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis*, 166 S.W.3d at 745; *accord Approximately $14,980.00*, 261 S.W.3d at 186. The presumption may be rebutted by opposing evidence that the mailing was not received. Tex. R. Civ. P. 21a(e); *Approximately $14,980.00*, 261 S.W.3d at 186.

**Trial and Default Judgment**

At the trial, HACA's evidence included copies of both of the letters it had sent—the letter requesting trial dates and the letter and notice of trial setting—addressed to Lewis at her Chalmers Court address, along with copies of the envelopes sent by first class mail. Service by first class mail was a proper manner of service prescribed by Rule 21a. *See* Tex. R. Civ. P. 21a(a)(2) (providing for service by "mail"); *Mandel v. Lewisville Indep. Sch. Dist.*, No. 02-15-00222-CV, 2016 Tex. App. LEXIS 6983, at *4 n.3 (Tex. App.—Fort Worth June 30, 2016, pet. filed) (observing that Rules 21a provides for service "by mail"); *Giddings*, 2015 Tex. App. LEXIS 11564, at *6 (noting that Rule 21a was amended effective January 1, 2014, to permit service by "regular mail"); *Bexar Cty. Hosp. v. Harlan*, No. 04-15-00155-CV, 2015 Tex. App. LEXIS 8188, at *12 (Tex. App.—San Antonio Aug. 5, 2015, pet. denied) (mem. op.) (same); *see also* Lamont A. Jefferson, *Trends and Traps in Rules of Civil Procedure*, 70 The Advoc. (Tex.) 48, 59 (2015) ("For documents not filed electronically, the notable changes to Rule 21a are the . . . elimination of the 'certified or registered' mail requirement for traditional mail.").

7

The notice of trial setting contained a certificate of service stating that Lewis had been served by first class mail in compliance with Rule 21a, creating a presumption that Lewis had been properly served with notice of the hearing. *See* Tex. R. Civ. P. 21a(e); *Mathis*, 166 S.W.3d at 745. Lewis did not appear at trial and thus did not offer any evidence that she did not receive the first class mailing so as to rebut this presumption. *See* Tex. R. Civ. P. 21a(e); *Approximately $14,980.00*, 261 S.W.3d at 186. Because there is nothing in the trial court's record that rebuts this presumption, and there is affirmative evidence that notice of the trial setting was sent to Lewis, the trial court did not abuse its discretion in proceeding with the trial.[5] *See Dougherty-Williams v. Dougherty*, No 01-13-01087-CV, 2014 Tex. App. LEXIS 6659, at *5–6 (Tex. App.—Houston [1st Dist.]

---

[5] As noted above, although HACA offered updated U. S. Postal Service tracking information at the hearing on the Motion to Set Aside Default Judgment, the tracking information offered at trial indicated that notice of delivery had been left at Lewis's Chalmers Court address but did not indicate that the letter was unclaimed or returned to the U. S. Postal Service. Evidence that a letter has been returned by the U. S. Postal Service "unclaimed" rebuts the presumption of service. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (concluding that presumption of service arising from proper mailing was negated by mailing's return as "unclaimed"); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that returned envelope bearing the U. S. Postal Service "unclaimed" mark and return receipt indicating that delivery was twice attempted but not completed rebutted presumption); *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App.—Fort Worth 2005, pet. denied) (stating that presumption of notice was rebutted where notice was returned marked "unclaimed"). Even if we were to assume that the U. S. Postal Service tracking information admitted into evidence at the time of trial was sufficient to establish that the certified letters were "unclaimed" so as to rebut the presumption of service by certified mail, that would not affect our determination based on Lewis's failure at trial to rebut the presumption of notice by first class mail. *See* Tex. R. Civ. P. 21a(a)(2); *Mandel v. Lewisville Indep. Sch. Dist.*, No. 02-15-00222-CV, 2016 Tex. App. LEXIS 6983, at *4 n.3 (Tex. App.—Fort Worth June 30, 2016, pet. filed); *Giddings v. Curtis*, No. 04-15-00102-CV, 2015 Tex. App. LEXIS 11564, at *6 (Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op.).

June 19, 2014, no pet.) (mem. op.) (holding that trial court did not err in granting default judgment where plaintiff failed to rebut affirmative evidence of notice of trial setting).

**Motion to Set Aside Default Judgment**

At the hearing on Lewis's Motion to Set Aside Default Judgment, Lewis and Green testified that Lewis did not receive notice of the trial, thus rebutting the presumption of service. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) (concluding that presumption of timely service was rebutted by party's affidavit); *Cliff*, 724 S.W.2d at 779–80 (holding that presumption is not evidence and "vanishes" when opposing evidence is introduced and that appellant rebutted presumption of notice of trial setting by uncontroverted sworn affidavit and testimony at hearing that he never received notice); *In re Estate of Check*, 438 S.W.3d 829, 834–35 (Tex. App.—San Antonio 2014, no pet.) (holding that attorney's affidavit that he never received document in question rebutted presumption); *Approximately $14,980.00*, 261 S.W.3d at 189 (concluding that appellant successfully rebutted presumption of receipt where attorney testified to not receiving notice); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating that mere denial of receipt is sufficient to rebut presumption of receipt). In addition, presumption of notice by certified mail was rebutted by the updated tracking information indicating that the notice of trial setting was returned to the U. S. Postal Service unclaimed. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (concluding that presumption of service arising from proper mailing was negated by mailing's return as "unclaimed"); *Approximately $14,980.00*, 261 S.W.3d at 189) (holding that returned envelope bearing the U. S. Postal Service "unclaimed" mark and return receipt indicating that delivery was twice attempted but not completed rebutted presumption);

9

*Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App.—Fort Worth 2005, pet. denied) (stating that presumption of notice was rebutted where notice was returned marked "unclaimed").

However, rebuttal of the presumption of service does not conclusively establish lack of service. *See In re Estate of Check*, 438 S.W.3d at 834–35 (holding that rebuttal of presumption does not end inquiry or conclusively establish absence of service). "A presumption is nothing more than a rule for the guidance of the trial judge in locating the burden of production at a particular time." *Texas A & M Univ. v. Chambers*, 31 S.W.3d 780, 784 (Tex. App.—Austin 2000, pet. denied). Once a presumption is rebutted, the presumption itself "vanishes," but the facts giving rise to it do not vanish. *In re Estate of Check*, 438 S.W.3d at 835. A denial of receipt is not conclusive and merely presents a fact issue for the factfinder. *Texaco*, 137 S.W.3d at 767 (citing *Cooper v. Hall*, 489 S.W.2d 409, 415 (Tex. Civ. App.—Amarillo 1972, writ ref'd n.r.e.)). The evidence on the issue is then evaluated as it would be in any other case. *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). "The presumption of receipt is overcome conclusively only when 'the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." *Texaco*, 137 S.W.3d at 767–68 (citing *Employers' Nat. Life Ins. Co. of Dal., Tex. v. Willits*, 436 S.W.2d 918, 921 (Tex. Civ. App.—Amarillo 1968, writ ref'd n.r.e.) (quoting *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d. 854, 857 (Tex. 1942))). Thus, when Lewis rebutted the presumption of notice, the trial court was presented with an issue of fact to resolve. *See Kelly v. Brenham Floral Co.*,

10

No. 01-12-01000-CV, 2014 Tex. App. LEXIS 9464, at *7–8 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.); *Texaco*, 137 S.W.3d at 767.

At the hearing on the Motion to Set Aside Default Judgment, in addition to offering documentary evidence of service, HACA's attorney made statements concerning the mailing of the two letters. His statements, which were not made under oath, included that he had mailed the letter regarding trial dates to Lewis at her Chalmers Court address by first class mail and by certified mail, return receipt requested; that the first class letter was not returned as undeliverable; that he did not hear from Lewis; that he then sent a second letter to Lewis at the same address by first class mail and by certified mail, return receipt requested, notifying her that he had set the case for trial and enclosing a copy of the notice of trial setting; and that the second first class letter was not returned as undeliverable and the second certified letter was "unclaimed and expired and was returned." Although an attorney's statements generally must be under oath to be considered evidence, the opponent of the testimony can waive the oath requirement by failing to object when he knows or should know objection is necessary. *See Mathis*, 166 S.W.3d at 745; *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *Martin v. Federal Nat'l Mortg. Ass'n*, No. 04-15-00233-CV, 2016 Tex. App. LEXIS 4051, at *5 (Tex. App.—San Antonio Apr. 20, 2016, no pet.) (mem. op). Here, the record shows that HACA's attorney was attempting to prove service, and Lewis should have known to object to the unsworn statements. *See Mathis*, 166 S.W.3d at 745 (holding that pro se appellant waived oath requirement when she failed to object to unsworn testimony in circumstances that clearly indicated opposing counsel was tendering evidence based on personal knowledge on sole contested issue) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)

11

(stating that pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure)); *Banda*, 955 S.W.2d at 272 (holding that attorney's unsworn statements clearly offered to prove existence and terms of oral agreement were evidence where opposing party failed to object to trial court's failure to administer oath); *Martin*, 2016 Tex. App. LEXIS 4051, at \*5 (stating that where attorney was clearly attempting to prove nonreceipt of service through unsworn statements, opposing party should have known to object). Therefore, the evidence the trial court had to evaluate consisted of Lewis's and Green's denial of service and HACA's exhibits and testimony. *See Texaco*, 137 S.W.3d at 767; *Saenz*, 873 S.W.2d at 359.

When the evidence presented by the defaulting party is controverted by the opposing side, it is the duty of the trial court, as factfinder, to ascertain the facts surrounding the default, and in so doing to judge the credibility of witnesses and the weight to be given their testimony. *Sheppard v. Sheppard*, No. 07-14-00074-CV, 2015 Tex. App. LEXIS 10691, at \*9 (Tex. App—Amarillo Oct. 15, 2015, no pet.) (mem. op); *Fernandez v. Peters*, No. 03-09-00687-CV, 2010 Tex. App. LEXIS 8473, at \*26 (Tex. App.—Austin Oct. 19, 2010, no pet.) (mem. op); *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 265 (Tex. App.—Texarkana 1992, writ dism'd); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). In determining whether a party's failure to appear was intentional or due to conscience indifference, a court looks to the knowledge and acts of the party. *In the Interest of R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). Because the trial court can view a witness's demeanor, the trial court, as

factfinder, is given great latitude to believe or to disbelieve a witness's testimony, particularly if the witness is interested in the outcome. *In re Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000).

Here, when asked to explain how it was that she did not receive the notice sent by first class mail that was not returned as undeliverable, Lewis stated that she did not understand why and could not explain it, but she "didn't receive it." Green testified that there were other apartments with the same number, that they got people's mail all the time and would "go and give it to them," but that "anything that—that she has [sic] supposed to be in the mail and it hasn't came [sic], we've never gotten it back from anybody else." The trial court could have discredited the testimony of Lewis and Green that Lewis did not receive the notice of trial setting and credited the evidence and testimony of HACA that it was mailed to Lewis at her Chalmers Court address by first class mail and was not returned. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) (stating that trier of fact may believe one witness and disbelieve others and resolve inconsistencies in testimony of any witness). In addition, the trial court could have discredited Lewis's and Green's testimony based on discrepancies in their testimony, as well as on her assertion in her Motion to Set Aside Default Judgment and Green's testimony that Lewis went to the courthouse five days before the trial date, asked if there was a trial setting, and was told that there was no setting, especially in light of the fact that the clerk's record contains the notice of setting and reflects that it was filed ten days prior to the trial date. "The trial court was entitled to decide whether [Lewis] had presented evidence 'conclusive, or so clear, positive, and disinterested' as to overcome the presumption of receipt [conclusively], and the court resolved this fact issue in favor of the [HACA]." *See Texaco*, 137 S.W.3d at 768 (quoting *Willits*, 436 S.W.2d at 921).

13

Because we may not substitute our judgment for that of the factfinder, on this record, we conclude that the trial court did not abuse its discretion in determining that Lewis failed to establish that she did not receive actual notice of the trial setting and that her failure to appear at trial was not intentional, or the result of conscious indifference, but was due to a mistake or an accident and that the trial court did not abuse its discretion in denying Lewis's Motion to Set Aside Default Judgment.[6] *Dolgencorp*, 288 S.W.3d at 926; *Craddock*, 133 S.W.2d at 126; *Sheppard*, 2015 Tex. App. LEXIS 10691, at *9–10 (concluding that trial court did not abuse discretion in ascertaining facts and judging credibility of witnesses, determining that appellant's failure to answer before default was result of conscience indifference and not due to accident or mistake, and upholding trial court's denial of motion for new trial); *Kelly*, 2014 Tex. App. LEXIS 9464, at *9–10 (holding that trial court did not abuse its discretion in discrediting appellant's testimony and in determining that appellant did not satisfy first element of *Craddock*). Because Lewis failed to satisfy the first prong of *Craddock*, we need not consider whether she met the other two requisites. *See Sheppard*, 2015 Tex. App. LEXIS 10691, at *10; *Munoz v. Rivera*, 225 S.W.3d 23, 28 (Tex. App.—El Paso 2005, no pet.); *Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.—Fort Worth 2004, pet. denied). We overrule Lewis's first issue.

---

[6] Because we conclude that the trial court did not abuse its discretion in determining that Lewis received actual notice and failed to meet the first element of *Craddock*, any discussion of Lewis's constructive notice is irrelevant. Therefore, we do not reach Lewis's argument in her first issue that HACA did not prove that she had constructive notice, and we overrule Lewis's second issue, in which she argues that "if Craddock applies to constructive notice cases," she has shown all of the *Craddock* elements. *See* Tex. R. App. P. 47.1; *In re E.A.*, 287 S.W.3d at 3 (stating that if defendant is properly served with process, she must prove three *Craddock* elements to have default judgment set aside).

14

**CONCLUSION**

Having overruled Lewis's issues, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   December 7, 2016