**APPROXIMATELY $14,980.00,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–07–00164–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 12, 2008.

Sylvester Anderson, Houston, for appellant.

Alan Curry, Houston, for state.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## MAJORITY OPINION

LESLIE B. YATES, Justice.

This is an appeal from a seizure and forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure.[1] Following a bench trial, the trial court entered a default judgment against appellant Hermes Antonio Rodriguez,[2] and based on deemed admissions ordered that $14,980.00 be forfeited to the State. In six issues, appellant contends the trial court

---

1. Chapter 59 of the Texas Code of Criminal Procedure concerns the forfeiture of contraband and defines contraband as property of any nature that is used or intended to be used in the commission of felonies under the Controlled Substances Act. TEX.CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i) (Vernon Supp.2007).

2. Although "Approximately $14,980.00" is technically the appellant in this case, we will refer to Rodriguez, the person from whom that money was sought, as appellant.

erred in not permitting him to demonstrate non-receipt of the discovery requests and in admitting the deemed admissions into evidence. We conclude the trial court erred in deciding, pursuant to a local court rule, not to consider evidence that appellant did not receive service of the requests, and we reverse the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2006, the State filed a Notice of Seizure and Intended Forfeiture, stating it had seized contraband property of approximately $14,980.00 from appellant and that the property was subject to forfeiture. Appellant filed an answer generally denying the allegations and served interrogatories and requests for disclosure on the State. The State served appellant via certified mail, return receipt requested, with requests for admissions. The requests were sent to appellant's attorney's last known address. Although the requests did not include a certificate of service, the State included a certificate of written discovery and also filed the discovery certificate with the court. The record reflects that delivery was attempted on October 21, 2006 and again October 26, 2006.[3] The envelope containing the requests for admissions was returned to the State bearing the United States Post Office stamp "unclaimed."

At trial on February 19, 2007, the State submitted the unanswered requests for admissions into evidence, claiming that due to appellant's failure to respond, the requests were deemed admitted as a matter of law. The State also submitted the returned envelope bearing the "unclaimed" stamp and the certified mail receipt showing the two failed attempts at service. Based on the deemed admissions, the

State moved for a post-answer default judgment. Appellant objected, claiming that he had never received the discovery requests. He also argued that because no certificate of service was included in the requests, the State had failed to comply with Texas Rule of Civil Procedure 21a and therefore could not prove service of notice. Appellant made an oral motion to have the deemed admissions set aside, but the trial court refused the motion because local court rules require that all motions be filed in writing ten days prior to the hearing or trial. The court denied appellant's motion for continuance on the same grounds. Appellant argued that Rule 21a entitled him to an opportunity to present evidence proving non-receipt of service. The trial court ultimately disagreed with appellant and refused to consider any evidence of non-receipt of service or to allow him to withdraw the deemed admissions. The trial court admitted the deemed admissions into evidence and signed a final judgment ordering that the $14,980.00 be forfeited to the State.

In six issues on appeal, appellant contends the trial court erred in (1) deeming the requests for admissions admitted because service was not perfected, (2) refusing to consider evidence rebutting any presumption of service, and (3) finding that the $14,980.00 was contraband because without the deemed admissions, the evidence was legally insufficient.

## II. STANDARD OF REVIEW

The decision to allow or deny the withdrawal of deemed admissions lies within the broad discretion of the trial court. *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). An appellate court should

3. At trial, the State claimed a third attempt was made on November 5, 2006, but there is no evidence of an additional attempt in the record.

set aside the trial court's ruling only if, after reviewing the entire record, the trial court clearly abused its discretion by acting without reference to guiding rules or principles, or acted arbitrarily or unreasonably. *Id.* We also review the trial court's application of local court rules in deciding not to hear a motion rebutting the presumption of service of discovery requests under an abuse of discretion standard. *See Approximately $1,589.00 v. State,* 230 S.W.3d 871, 873 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (holding that clear failure to correctly analyze or apply law constitutes an abuse of discretion).

## III. ANALYSIS

Texas Rule of Civil Procedure 198 entitles a litigant to serve requests for admissions on another party. *See* TEX.R. CIV. P. 198.1. Failure to timely respond results in each request being deemed admitted by operation of law. *See* TEX.R. CIV. P. 198.2(c). Rule 198.3 permits withdrawal of the deemed admissions if the party shows good cause for the withdrawal, the court finds that the parties relying on the deemed admissions will not be unduly prejudiced, and the court finds that the presentation of the merits of the action will be subserved by permitting the withdrawal. TEX.R. CIV. P. 198.3. The failure to answer must have been the result of accident or mistake and not the result of an intentional act or conscious indifference on the receiving party's end. *Steffan,* 29 S.W.3d at 631.

 A party's duty to respond is dependent upon receipt of the requests. *See* TEX.R. CIV. P. 21a; *Payton v. Ashton,* 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000, no pet.). Where service is not perfected, the receiving party cannot be made to suffer the consequences of not answering or untimely answering. *Payton,* 29 S.W.3d at 898. Rule 21a provides for service of notice on a party by sending the documents via certified mail to the party's last known address. TEX.R. CIV. P. 21a. Service by mail is complete upon deposit of documents in a properly addressed envelope, postage prepaid, in a post office or official depository under the care and custody of the United States Postal Service. *Id.* A certificate by a party or attorney of record is prima facie evidence of the fact of service. *Id.* Accordingly, notice properly sent pursuant to Rule 21a, that is, notice that is properly addressed and mailed with prepaid postage to the party's last known address, raises a presumption that the notice was properly received by the addressee. *Id.; Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex.2005). The presumption of receipt of notice may be rebutted by introducing opposing evidence that the mailing was not received. *See* TEX.R. CIV. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received. . . ."); *Cliff v. Huggins,* 724 S.W.2d 778, 779–80 (Tex. 1987). In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Cliff,* 724 S.W.2d at 780.

In his second issue, appellant claims that because the State failed to comply with the service requirements stated in Rule 21a, the trial court erred in admitting the deemed admissions into evidence. Appellant argues that the State failed to file a certificate of service with the requests for admissions, and therefore the State cannot establish a presumption of service. The State responds that the certificate of written discovery, documenting service of the requests for admissions and on file with the court, satisfied the Rule 21a requirement and established a presumption of service. Appellant counters that because the certificate of written discovery did not

indicate the method of service, it could not satisfy the Rule 21a requirement.

■ The certificate of written discovery contained appellant's attorney's address, a statement that on a certain date the document was served on opposing counsel, and the signature of the attorney for the State.[4] Although it did not mention the method of service, Rule 21a does not require that a certificate of service detail the method of service used. *See* Tex.R. Civ. P. 21a; *Treat v. Muntzel,* No. 13–04–216–CV, 2005 WL 1797048, at *1 (Tex.App.-Corpus Christi July 28, 2005, pet. denied) (mem. op.) (noting that Rule 21a contains no requirement that certificate of service list method of service used); *Smith v. Mike Carlson Motor Co.,* 918 S.W.2d 669, 673 (Tex.App.-Fort Worth 1996, no pet.) (overruling claim that certificate of service on motion for summary judgment was defective because it failed to mention method of service). At trial, the prosecutor stated that the certificate of written discovery had been included in the discovery requests that were mailed to appellant via certified mail, return receipt requested.

■ Rule 21a provides that "[t]he party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument." Tex.R. Civ. P. 21a. The State certified compliance with Rule 21a by signing the certificate of written discovery, serving it with the discovery requests, and filing it with the court. The purpose of a certificate of service is to prove that the documents to which the certificate relates were actually served on the party. *See Granger v. Moye,* No. 03–97–00696–CV, 1998 WL 717196, at *2 (Tex.App.-Austin Oct.15, 1998, no pet.) (not designated for publication). Here, the certificate provided the date of service and the recipient's name and address. It was signed, filed with the court, and included in the discovery requests that were sent via certified mail return receipt requested, an approved method of service under Rule 21a.

■ Rule 1 of the Texas Rules of Civil Procedure instructs us to interpret the rules liberally to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." When the language in a rule is specific and its meaning is clear, the rule is entitled to a literal interpretation, unless it would lead to absurdities and defeat the intent of the enacting body. *Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722, 733 (Tex.App.-Houston [14th Dist.] 1995, writ dism'd). To hold that the State failed to serve the documents on appellant merely because the certificate title read "Certificate of Written Discovery" instead of "Certificate of Service" not only runs contrary to the liberal interpretation urged in Rule 1, but it borders on applying the rules so as to reach an absurd result. We conclude the certificate of written discovery served the purpose of a certificate of service and functioned as proof that the State attempted to serve appellant's counsel with the requests for admissions. Accordingly, we find that the State sufficiently complied with the requirements of Rule 21a to raise a presumption of receipt of notice. *See Cliff,* 724 S.W.2d at 780; *cf. Mathis,* 166 S.W.3d at 745 (concluding no presumption of receipt arose because record contained no certificate of service, no return receipt from certified mail, and no

---

**4.** The certificate of written discovery stated that "On the 20th day of October 2006, Plaintiff, THE STATE OF TEXAS, served her Plaintiff's First Request for Admissions on HERMES ANTONIO RODRIGUEZ, Respondent, by service upon his attorney, Kirby J. Taylor, 4810 Caroline, Houston, Texas 77004."

affidavit certifying service). We overrule appellant's second issue.

In his first issue, appellant argues the trial court erred in admitting the requests for admissions because he presented evidence that the requests were not received. In his third and sixth issues, appellant maintains the trial court erred in refusing to consider his evidence rebutting the presumption of receipt of notice, and that if considered, such evidence would have established he did not actually receive the requests. We address these issues together.

At trial, the court refused to allow appellant to move to set aside the deemed admissions on grounds of non-receipt:

> In the event you had filed such a motion and given 10 days notice that the deemed admissions should be set aside because you didn't receive notice then I'd have something to hear. But the local rules require that a ... motion to set aside deemed admissions, any such motion that you want to have considered by the Court has got to be in writing, and it has to be filed 10 days before the hearing....

The trial court then asked appellant if he had any further evidence to present. Appellant's attorney informed the court that he had never received the requests for admissions. He stated that the first attempted delivery occurred on a Saturday when his office was closed, and that he never received the second attempted delivery, which allegedly occurred the following Thursday. He stated that he had no notice of the requests for admissions until the day of trial. The court refused to consider this evidence of non-receipt. Although the court did not cite a specific rule in refusing to allow appellant to move to set aside the deemed admissions, the court was apparently relying on Rules 3.3.1 and 3.3.2 of the Local Rules for Harris County

District Courts. Rule 3.3.1 requires that all motions be submitted to the court in writing. *See* HARRIS CTY. (TEX.) CIV. DIST. CT. LOC. R. 3.3.1. Rule 3.3.2 requires that motions heard on written submission be filed at least ten days prior to the date of submission, except on leave of the court. *See* HARRIS CTY. (TEX.) CIV. DIST. CT. LOC. R. 3.3.2.

Appellant argues the court erred in applying the local rules because the local rules are inconsistent with Rule 21a, which provides that "[n]othing herein shall preclude any party from offering proof that the notice or instrument was not received...." Appellant claims that according to Texas Rule of Civil Procedure 3a, the language "nothing herein shall preclude" in Rule 21a must prevail over the time constraints stated in the local rules. *See* TEX.R. CIV. P. 3a(1) (providing that Rules of Civil Procedure override inconsistent local court rules).

We recently addressed a similar argument. *See Approximately $1,589.00*, 230 S.W.3d 871. In *Approximately $1,589.00*, the trial court refused to hear a motion to strike deemed admissions based on local filing rules similar to those at issue in the present case. *Id.* at 872–73. We held that Rule 3a(2) absolutely prohibits application of a local rule that alters a time period set forth in the Texas Rules of Civil Procedure. *Id.* at 874. We also held that under the circumstances, Rule 3a(6) precluded the trial court's application of the local rules. *Id.* Rule 3a(6) provides that "no local rule, order, or practice of any court, other than local rules and amendments which fully comply with all requirements of this Rule 3a, shall ever be applied to determine the merits of any matter." *See* TEX.R. CIV. P. 3a(6). We held that because the deemed admissions were merits-preclusive, the trial court had effectively applied a "local rule" or "practice" which did

not fully comply with Rule 3a to determine the merits of the case. *See Approximately $1,589.00*, 230 S.W.3d at 874.

■ Here, Rule 21a entitled Rodriquez to an opportunity to present evidence of non-receipt, and Rule 3a(1) requires that conflicts between local rules and the Rules of Civil Procedure be resolved in favor of the Rules of Civil Procedure. Moreover, due process requires that a trial court consider, absent evidence of flagrant bad faith or callous disregard for the rules, a motion to strike deemed admissions that are merits-preclusive. *Id.* at 875. The deemed admissions in this case were merits-preclusive, and there was no evidence that appellant acted in flagrant bad faith or callous disregard for the rules. Therefore, applying our holding from *Approximately $1,589.00*, we conclude the trial court erred to the extent it relied on local court rules in refusing to consider appellant's evidence regarding non-receipt of service.

■ Appellant argues that if considered by the trial court, the evidence he put forth demonstrating non-receipt of the requests would have rebutted the presumption of service. We agree. The returned envelope bearing the United States Post Office "unclaimed" mark was submitted into evidence, as well as the return receipt indicating that delivery was twice attempted but not completed. Notice sent by certified mail and returned "unclaimed" does not provide the notice required by Rule 21a. *See Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App.-Fort Worth 2005, pet. denied). Appellant's attorney also directly testified to not receiving the notice. Because appellant successfully rebutted the presumption of receipt of actual notice, we conclude the trial court erred in admitting the deemed admissions into evidence. *See Daniels v. Lavery*, No. 05–06–00216–CV, 2007 WL 549223, at *5 (Tex.App.-Dallas Feb.23, 2007, no pet.) (mem.op.) (holding trial court erred in deeming requests admitted where evidence indicated requests were returned "unclaimed" and appellant directly told trial judge he knew nothing about certified mail containing the requests); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (holding defendant rebutted presumption of service by asserting under oath that he never received notice of certified letter from post office and by presenting evidence that post office's attempts to deliver certified mail failed).

■ The State argues that even if appellant did not have actual notice, he still received constructive notice. Constructive notice may be established if the serving party demonstrates compliance with Rule 21a and presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case.[5] *See Etheredge*, 169 S.W.3d at 382. Although at trial the State alleged that appellant did not pick up his mail, the State presented no evidence that appellant dodged or refused delivery of certified mail. Without evidence in the record that appellant dodged or refused delivery of certified

---

**5.** The State also claims the trial court found that appellant's attorney had refused service of certified mail from the State, and therefore appellant had constructive notice. We disagree that the trial court actually made such a finding, either explicitly or implicitly. The Final Judgment states, "Upon [the State's] oral motion, evidence was presented by [the State], regarding the lack of compliance by Kirby Taylor, Attorney for [appellant] in retrieving the discovery requests forwarded to [appellant] on October 20, 2006, specifically, the notice from the U.S. Post Office...." However, this does not constitute an actual finding of constructive notice.

mail, constructive notice cannot be imputed to him. *See id.* at 383 (holding that lack of evidence of dodging receipt or refusing delivery precluded finding of constructive notice). We sustain appellant's first, third, and sixth issues.[6]

## IV. CONCLUSION

The filing of the certificate of written discovery created a presumption of service which appellant successfully rebutted with evidence of non-receipt. Because Rule 21a entitled appellant to an opportunity to present evidence rebutting the presumption of service, the trial court erred in refusing to consider appellant's evidence of non-receipt and in admitting the deemed admissions into evidence.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

BROWN, J., Concurring.

JEFF BROWN, Justice, concurring.

I concur in the court's judgment, but write separately to note that I do not believe the majority opinion either in this case or in *Approximately $1,589.00 v. State,* 230 S.W.3d 871 (Tex.App.-Houston [14th Dist.] 2007, no pet.), amounts to an invalidation of any of the local rules of the Harris County district courts. In each case, notwithstanding any local rule, due process required that the trial court hear the motion to strike the deemed admissions before deciding the merits. *See Approximately $1,589.00,* 230 S.W.3d at 875.

And in both cases, the trial court abused its discretion in failing to hear the motion.

---

6. In his fourth issue, appellant argues that because the deemed admissions were not properly before the court, the evidence was legally insufficient for the trial court to find that the $14,980.00 was contraband. However, in a legal sufficiency review the evidence examined includes improperly admitted evidence, which in the instant case includes the requests for admissions. *See Koch Oil Co. v. Anderson Producing, Inc.,* 883 S.W.2d 784, 790 (Tex.App.-Beaumont 1994), *rev'd on other grounds,* 929 S.W.2d 416 (Tex.1996). Accordingly, we cannot do as appellant asks and review the sufficiency of the evidence without considering the requests for admissions. We overrule appellant's fourth issue.