Opinion issued July 14, 2011.                   



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00226-CV

———————————

Ray E. Waggoner, Appellant

V.

William
Breland, Appellee



 



 

On Appeal from the County Court at Law Four 

Harris County, Texas



Trial Court Case No. 927,721

 



 

MEMORANDUM OPINION

In this
appeal from a grant of summary judgment, appellant Ray Waggoner contends that
the trial court erred in granting appellee William Breland’s motion for summary
judgment and in denying Waggoner’s motion for new trial.  We affirm.

Background

In October 2008, Waggoner sued
Breland for personal injuries that he alleged were sustained when their
vehicles collided two years earlier. 
Breland was served with the suit on November 24, 2009—more than 13 months after the suit was filed
and over three years from the date of the accident.  When Breland moved for summary judgment in
late January 2010 based upon the statute of limitations, Waggoner filed no
response and did not appear for the hearing on the motion.  The trial court rendered summary judgment and
dismissed Waggoner’s lawsuit.   

Waggoner filed his notice of appeal
on March 15, 2010.  Nine days thereafter
he filed a “Motion for Sanctions and Reversal,” which the trial court construed
as a motion for new trial, contending that his failure to respond was based on a lack of notice of the summary judgment hearing and
motion.   

Breland’s response argued not only
that service upon Waggoner was pursuant to Texas Rule of Civil Procedure 21a,
but that Waggoner had engaged in “selective acceptance” of his certified mail
service when he had accepted discovery and other documents by certified mail
sent to the same address, both before and after the filing of the summary
judgment motion, and that this was the second
piece of certified mail returned “unclaimed.” 
Copies of the “green cards” for each mailing were attached to Breland’s
response.  After a hearing, the court
denied Waggoner’s motion.  There is no
reporter’s record of the hearing.  

Inadequate Briefing

Breland argues that Waggoner’s
issues on appeal are inadequately briefed and thus waived.  Appellate briefs are to contain “a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.”  Tex. R. App. P. 38.1(i); see
also Howeth Investments, Inc. v. City of Hedwig Village, 259 S.W.3d 877,
902 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (declining to reach, for
lack of adequate briefing, appellate challenge lacking citation to authority and
sufficient legal analysis); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994)
(discussing “long-standing rule” that point may be waived due to inadequate
briefing).  Waggoner’s two-page, single-spaced brief,  short on case law and relevant legal analysis,
does provide such an absence of argument that we could easily refuse to
consider his issues on the basis that they are inadequately briefed, but we
will address his arguments nevertheless in the interest of justice.

Summary Judgment 

Waggoner argues that the trial court abused its discretion
when it (1) granted summary judgment in Breland’s favor and (2) denied his
motion for new trial because he never received notice of Breland’s summary
judgment motion or hearing on the motion and that he was never notified that he
had certified mail waiting for him at the post office.  Waggoner argues that the notice was
presumably lost in the mail.  

Proper notice to the nonmovant of the summary-judgment
hearing is a prerequisite to summary judgment, the absence of which violates
the nonmovant’s due process rights.  Tanksley v. CitiCapital Commercial Corp.,
145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied).  Notice may be served on the
nonmovant by delivering a copy via certified or registered mail to the party’s
last known address.  See Tex. R. Civ. P.
21a.  Service by mail is complete upon
deposit of the document, enclosed in a postpaid, properly addressed wrapper, in
a post office or official depository under the care and custody of the United
States Postal Service.  Id. 
A certificate by a party or an attorney of record is prima facie
evidence of the fact of service.  Id. 
Accordingly, Rule 21a creates a presumption that a notice of hearing
setting, if mailed pursuant to the Rule, was received by the intended
recipient.  See Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987); Approx.
$14,980 v. State,
261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The intended recipient, however, may rebut this presumption
by offering proof of non-receipt.  Cliff, 724 S.W.2d at 780; see also Tex. R. Civ. P. 21a (“Nothing [in Rule 21a] shall preclude
any party from offering proof that the notice or instrument was not received. .
. .”). 

Here, the certificates
of service attached to the summary judgment motion, as well as the hearing
notice, recited that they were mailed to Waggoner at his last known address[1] via certified mail on January 29,
2010, establishing a presumption of receipt.  See
Tex.
R. Civ. P. 21a;
Approx. $14,980, 261 S.W.3d at 187; Cliff, 724 S.W.2d at 780.  This was the only proof
regarding notice that was before the trial court when it granted summary
judgment.  Because there was no countervailing
evidence before the court to rebut the presumption of actual notice, the trial
court’s grant of Breland’s summary judgment motion on those grounds was not
error. 

Motion for New Trial

We review a trial court’s ruling on a motion for new trial
for an abuse of discretion.  Dolgencorp of Tex., Inc. v. Lerma, 288
S.W.3d 922, 926 (Tex. 2009).  The
trial court abuses its discretion if it acts unreasonably or in an arbitrary manner, without reference
to guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).

Here, Waggoner attached to his motion for new trial a letter
from the U.S. Postal Service which stated that the certified mail in question
was returned to sender as “unclaimed” on March 3, 2010.  Assuming without deciding that this was a
sufficient offer of proof, the letter would be sufficient to rebut the
presumption of service.  See Approx. $14,980, 261 S.W.3d at 189 (concluding
that proof that notice was sent by certified mail and returned “unclaimed” rebutted presumption of service);
Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex.
App.—Houston [1st Dist.] 1998, no pet.) (holding defendant rebutted presumption
of service by asserting under oath that he never received notice of certified
letter from post office and by presenting evidence that post office’s attempts
to deliver certified mail failed).

Even if the presumption is rebutted, constructive notice may still be established if the serving party
demonstrates compliance with Rule 21a
and presents evidence that the intended recipient engaged in instances of
selective acceptance or refusal of certified mail.  See
Approx. $14,980, 261
S.W.3d at 189; Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 101–02 (Tex.
App.—Beaumont 1993, writ denied), overruled
in part on other grounds by Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 686 (Tex. 2002).

As the appellant, Waggoner bears the burden of bringing
forward a sufficient record to show that the trial court abused its discretion
when it denied his motion for new trial.  See
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990).  The record reflects that, although a hearing
was held on Waggoner’s motion, the hearing was not recorded.  Without a record of the hearing, we must
presume that the proceedings support the trial court’s judgment.  See
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); Christiansen, 782 S.W.2d at 843.  Therefore, we cannot hold that the
trial court’s order was an abuse of discretion. 
See Dowell v. Theken Spine, LLC,
No. 14-07-00887-CV, 2009 WL 1677844, at *4 (Tex. App.—Houston [14th Dist.] June
2, 2009, no pet.) (affirming denial of motion for new trial based on lack of
notice because without record of hearing, court must presume that proceedings support
trial court’s judgment). 
We overrule
Waggoner’s second issue.

Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

 











[1]           Waggoner also argues that the motion
and notice of hearing were not properly addressed because they were addressed
to “1914 E. Avenue” rather than “1914 East Avenue.”  We find this argument unpersuasive.  The record demonstrates that Waggoner
accepted the certified mail that Breland sent to the “1914 E. Avenue” address
on at least four other occasions—both
before and after the summary judgment was filed.