**Reversed and Remanded and Memorandum Opinion filed January 31, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00990-CV

## PEM OFFSHORE INCORPORATED AND PHILIPS MATTHEW, Appellants

## V.

## INDEX BROOK LIMITED, Appellee

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-67876**

## M E M O R A N D U M   O P I N I O N

Appellants PEM Offshore Incorporated and Philips Matthew challenge the trial court's grant of summary judgment based on deemed admissions. We reverse and remand because appellee Index Brook Limited failed to prove appellants' bad faith or callous disregard for the rules.

# I. BACKGROUND

Index is an international corporation with a principal place of business in Nigeria. In October 2016, Index sued appellants for breach of contract and fraudulent inducement after Index allegedly paid $2 million to appellants for shares in PEM, which appellants did not deliver to Index. Index attempted to serve Matthew at a location on Kitty Street in Stafford, Texas, while Index attempted to serve PEM through Matthew as PEM's registered agent at an address in Houston with suite number 370. Service was unsuccessful, and the trial court granted Index's motion for substitute service.

In December 2016, Matthew, acting pro se and ostensibly on behalf of PEM, filed an answer with a general denial, and Matthew responded to Index's requests for disclosure. Regarding Index's request to state the name and address of each potential party, Matthew identified himself at the Kitty Street address and PEM at the Houston address with suite number 370.

On March 7, 2017, Index filed a motion for summary judgment based on appellants' deemed admissions. In the motion, Index argued that it served appellants with requests for admissions and that appellants did not respond. Index attached the following evidence: (1) the share purchase agreement; (2) Index's request for admissions and accompanying mailing information; and (3) an attorney's fees affidavit and accompanying billing records. The evidence included the envelope and tracking information for the request for admissions showing that Index sent the mailing on January 20. The envelope was stamped "return to sender," "unclaimed," and "unable to forward."

On March 23, 2017, appellants filed a motion to strike deemed admissions, a response to the request for admissions, and a motion for continuance of the summary

2

judgment hearing because appellants had not received the request for admissions. Appellants attached Matthew's affidavit, in which he testified:

3. Index Brook Limited, Plaintiff in the above styled action, sent Request for Admissions for both PEM Offshore Incorporated and Philips Matthew to the wrong address. The Request for Admissions were sent to 1307 Kitty St., Stafford, Texas 77477. This is an incorrect old address for me. The Request for Admissions were unclaimed as indicated by the USPS Tracking information, attached as Exhibit B1, and were returned to the United States Post Office on February 12, 2017 as the outside of the envelope indicates. Exhibit B2.

4. The correct address for PEM Offshore Incorporated is 2425 West Loop South, Suite 240, Houston, Texas 77027. The Correct address for Philip Matthew is 2511 Maxroy St., Houston, Texas 77007. I never received the Plaintiff's Request for Admissions and had no knowledge of the Requests for Admissions until the Plaintiff's Motion for Traditional Summary Judgment was filed on March 7, 2017.

Appellants, represented by counsel, then filed a response to the motion for summary judgment on April 17, 2017. The trial court granted the summary judgment to Index but later granted appellants a new trial because appellants did not receive sufficient notice of the hearing on the motion for summary judgment.

In August 2017, Index filed a second motion for summary judgment based on the same deemed admissions. Soon thereafter, appellants filed a response to the second motion for summary judgment, another response to the request for admissions, and another motion to strike deemed admissions. With the response to the motion for summary judgment, appellants attached an affidavit from Matthew and supporting documents to dispute the merits of Index's claims. Appellants argued in the motion that Index failed to establish its right to summary judgment based on "merits-preclusive" deemed admissions because Index did not prove appellants' bad faith or callous disregard of the rules.

Appellants argued in the motion to strike deemed admissions that it was undisputed that the request for admissions was never received by certified mail and was returned to sender. Appellants filed with the motion to strike deemed admissions another affidavit from Matthew, in which he testified that:

1. The address for PEM was suite 340, not suite 370.
2. He did not live at the Kitty Street address.
3. He learned of the filing of the suit from a colleague, and he filed an answer as soon as he learned of the suit.
4. He attempted to answer the request for disclosure but he "did not understand what information was sought by the document and [he] completed it based on what [he] saw in the lawsuit filed against [him] by Index Brook Limited including copying the addresses they had listed there into the blank for party."
5. He did not receive the request for admissions because he did not live at the address where it was served. He learned of the request for admissions when he was notified that Index had filed a motion for summary judgment.
6. As soon as Matthew became aware of the request for admissions, he filed the answers with a motion to strike deemed admissions in March.
7. At that point in the litigation, Matthew determined that it was obvious that he needed counsel, and he retained counsel.

Matthew also testified:

I did not fail to respond to the request for admission intentionally or out of indifference but because 1) I did not live where they were sent, 2) I did not receive them until after the time they were due, 3) I did not understand nor was I aware of my obligations to let counsel for Index Brook know my current address; and 4) I did not understand what information was sought by the request for disclosure document I had previously answered.

The trial court signed an order denying appellants' motion to strike the deemed admissions, and the court granted a final summary judgment for Index. The

court ordered appellants to pay Index $2 million in damages and $13,622 in costs and attorney's fees. Appellants' motion for new trial was overruled by operation of law, and they timely appealed.

## II. SUMMARY JUDGMENT

In their first issue, appellants contend among other things that Index failed to satisfy its burden for a summary judgment based on deemed admissions because Index has not shown appellants' flagrant bad faith or callous disregard of the rules. Index responds that bad faith was shown because Matthew "lied" about appellants' addresses in the response to Index's request for disclosures.

Because Index did not establish appellants' flagrant bad faith or callous disregard for the rules, we reverse the summary judgment.

### A. Requests for Admissions

If a party serves a request for admissions, and the recipient fails to timely respond, then each request is deemed admitted by operation of law. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see* Tex. R. Civ. P. 198.2(c). An admission conclusively establishes the matter as to the party making the admission unless the court permits the party to withdraw or amend the admission. Tex. R. Civ. P. 198.3. A court may permit the party to withdraw an admission if the party shows good cause for the withdrawal and the court finds that the party relying upon the deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to withdraw. *See id.*; *Approximately $14,980.00*, 261 S.W.3d at 186.

A party's duty to respond to a request for admissions is dependent upon receipt of the request. *Approximately $14,980.00*, 261 S.W.3d at 186. If service has

not been perfected, the respondent "cannot be made to suffer the consequences of not answering or untimely answering." *Id.*

Under Rule 21a of the Texas Rules of Civil Procedure, a party may serve a request for admissions through the mail by depositing the document in the mail in a properly addressed and postage-paid envelope. *See* Tex. R. Civ. P. 21a(b); *Approximately $14,980.00*, 261 S.W.3d at 186. Sending a document properly under Rule 21a to the respondent's last known address raises a presumption that the document was received by the respondent. *Approximately $14,980.00*, 261 S.W.3d at 186. This presumption, however, may be rebutted by evidence that the mailing was not received. *Id.* A mailing sent by certified mail and returned "unclaimed" does not provide service required by Rule 21a for deemed admissions. *See id.* at 189; *see also Daniels v. Lavery*, No. 05-06-00216-CV, 2007 WL 549223, at *5 (Tex. App.—Dallas Feb. 23, 2007, no pet.) (mem. op.) (judgment could not be supported by deemed admissions because the presumption of receipt under Rule 21a was rebutted by proof that the respondent did not receive the request for admissions and the envelope containing the request was returned and stamped "unclaimed").

## B.    Summary Judgment Based on Deemed Admissions

A trial court's ruling on a motion for summary judgment is reviewed de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). The movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* (citing Tex. R. Civ. P. 166a(c)).

Requests for admissions should be used as a tool, not a trapdoor. *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam). They are intended to simplify trials, and they are useful for addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents. *Id.* Requests for admissions were

6

never intended for the purpose of asking the defendant to admit the validity of the plaintiff's claims or to concede defenses that are in dispute. *Id.*

When deemed admissions preclude the presentation of a case on the merits, the admissions implicate the same due process concerns as other case-ending discovery sanctions. *Id.* Thus, to substantiate a summary judgment based on deemed admissions, the movant must show the nonmovant's "flagrant bad faith or callous disregard for the rules." *Id.* at 633 (quoting *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005)). This requirement is an element of the movant's summary judgment burden. *Id.* at 634.

## C.  Analysis

Assuming without deciding that Index's requests for admissions were deemed admitted by operation of law,[1] appellants contend that Index has not shown appellants' flagrant bad faith or callous disregard of the rules. Although Index did not argue in its motion for summary judgment that appellants displayed bad faith or callous disregard for the rules, Index now contends that it satisfied its summary judgment burden because Matthew identified the incorrect address in his response to Index's request for disclosures.

Matthew, who was acting pro se at the time he responded to the request for disclosures, testified that he did not understand that he had an obligation to provide his current address. He testified that he responded to the request by "copying the addresses [Index] had listed." Moreover, along with serving a response to the request for admissions soon after Index filed its first motion for summary judgment,

---

[1] *But see, e.g.*, *In re Seizure of Gambling Proceeds*, 388 S.W.3d 874, 877 (Tex. App.— Houston [14th Dist.] 2012, no pet.) (noting that an "unclaimed" stamp on envelope returned to the United States Post Office was "enough to rebut the presumption of receipt under Rule 21a and that, without the presumption of receipt, requests for admissions could not properly be deemed admitted").

Matthew moved to strike the deemed admissions and filed an affidavit in which he provided his correct address.

The record contains undisputed evidence to rebut the presumption of service of the request for admissions because (1) the envelope was stamped "return to sender," "unclaimed," and "unable to forward," and (2) Matthew testified through several affidavits that he never received the request for admissions and had no knowledge of them until Index filed its first motion for summary judgment. *See Approximately $14,980.00*, 261 S.W.3d at 189; *Daniels*, 2007 WL 549223, at *5. One of those affidavits was attached to his motion to strike deemed admissions, which he filed pro se soon after Index filed its first motion for summary judgment.

Pro se litigants are not exempt from the rules of procedure, but "when a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer." *Wheeler*, 157 S.W.3d at 442, 444 (reversing summary judgment based on deemed admissions against pro se party when the party was mistaken as to when responses were due and on how to correct them; reasoning that such mistakes did not demonstrate intent or conscious indifference); *see also Marino*, 355 S.W.3d at 633–34 (reversing summary judgment based on deemed admissions against a pro se party and noting that a "pro se litigant's genuine confusion over discovery deadlines and summary judgment procedures was evidence of good cause, negating the conscious disregard or deliberate neglect required to support a merits-preclusive sanction").

Under these circumstances, we cannot conclude that the record establishes Matthew's bad faith or a conscious disregard for the rules. Rather, the record shows that a pro se litigant expressed genuine confusion over his discovery obligation, yet he promptly attempted to correct the error by providing his correct address, showing

that he did not receive the request for admissions, and answering the undelivered request for admissions soon after he became aware of the request.

Appellants' first issue is sustained.

### III. CONCLUSION

Having sustained appellants' first issue, we reverse the trial court's summary judgment and remand for proceedings consistent with this opinion.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.