**Affirmed and Majority and Concurring Opinions filed September 29, 2020.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-18-00784-CV

---

**GLENN HERBERT JOHNSON, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, THE CITY OF HOUSTON, THE HOUSTON INDEPENDENT SCHOOL DISTRICT, AND THE HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2017-71003**

---

## MAJORITY OPINION

Appellant/plaintiff Glenn Herbert Johnson appeals the trial court's final summary judgment, asserting in a single appellate issue that the trial court erred in denying a post-judgment motion in which he asserted that he did not receive notice of the defendants' summary-judgment motion or of the submission of the motion.

Because Johnson did not submit any evidence to the trial court rebutting the presumption that he received proper notice of these two events, the trial court did not err, and we affirm.

## I. Factual and Procedural Background

Acting pro se, Johnson filed a petition in the trial court seeking equitable-bill-of-review relief against appellees/defendants Harris County, City of Houston, Houston Independent School District, Houston Community College System, Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District (collectively, the "Governmental Entities"). The Governmental Entities filed a motion for summary judgment and a notice of submission for that motion. Johnson did not file a response, and the trial court signed a final summary-judgment order granting the summary-judgment motion.

Within thirty days of the trial court's final judgment, Johnson filed a motion in which he asserted that the Governmental Entities did not give him notice of the filing of their summary-judgment motion or the submission of their motion to the trial court for a ruling. Johnson did not submit any evidence in support of his motion. The trial court denied Johnson's motion. Johnson, again acting pro se, has timely appealed.

## II. Issues and Analysis

### A. Does this court have appellate jurisdiction?

The Governmental Entities assert that this court lacks appellate jurisdiction because on appeal Johnson challenges only the trial court's order denying his post-judgment motion, which is an interlocutory and non-appealable order. The Governmental Entities are correct that the order denying Johnson's motion is an

interlocutory order. Nonetheless, even though Johnson challenges only the trial court's denial of his post-judgment motion, this court has jurisdiction to review this post-judgment ruling. *See Phillips v. Discover Bank*, No. 14-12-00487-CV, 2013 WL 5230755, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2013, no pet.) (mem. op); *In re Magana*, No. 14-13-00563-CV, 2013 WL 3771298, at *1 (Tex. App.—Houston [14th Dist.] July 18, 2013 [mand. denied], orig. proceeding) (mem. op.); *Torres v. Torres*, No. 14-12-00436-CV, 2013 WL 776278, at *1–3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2013, no pet.) (mem. op.); *Gammill v. Fettner*, 297 S.W.3d 792, 797–98, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Johnson entitled his motion "Motion for Rehearing of Defendant Harris County, et al.'s Motion for Summary Judgment," but we give effect to the substance of the motion, not its title or form. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). In the motion, Johnson did not seek a second hearing on an issue determined in the trial court's summary-judgment order. Instead, Johnson raised a new issue in the motion — the Governmental Entities' purported failure to give him notice of their summary-judgment motion and its submission to the trial court for a ruling. In his motion, Johnson asked the trial court to set aside its summary-judgment order based on this alleged lack of notice so that Johnson could submit a summary-judgment response and the parties could relitigate the merits of the Governmental Entities' summary-judgment motion. Thus, the substance of Johnson's motion was a motion for new trial. *See Finley v. J.C. Pace, Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Though it may seem counter-intuitive because the filing of the motion and the ruling usually occur post-judgment, a party's timely appeal from a final judgment gives the court of appeals jurisdiction to review the trial court's denial of

a timely motion for new trial, even if the appealing party asserts on appeal that the trial court erred in denying the motion for new trial but does not assert that the trial court erred in rendering the final judgment. *See Phillips*, 2013 WL 5230755, at *1–2; *In re Magana*, 2013 WL 3771298, at *1; *Torres*, 2013 WL 776278, at *1–3; *Gammill*, 297 S.W.3d at 797–98, 801–02. Johnson's notice of appeal suffices to invoke this court's appellate jurisdiction over the trial court's final summary judgment. Though Johnson filed his notice of appeal more than ninety days after final judgment, under the Supreme Court of Texas's holding in *Verburgt v. Dorner,* the law deemed that Johnson had filed a motion for extension of time to file a notice of appeal. *See* 959 S.W.2d 615, 617 (Tex. 1997). This court granted Johnson's motion for extension of time to file a notice of appeal; so, Johnson's notice of appeal was timely. *See id.* Johnson's timely appeal from the trial court's final summary-judgment order gives this court appellate jurisdiction to review the trial court's denial of Johnson's timely motion for new trial, even though Johnson has not challenged the trial court's ruling on the Governmental Entities' summary-judgment motion. *See Phillips*, 2013 WL 5230755, at *1–2; *In re Magana*, 2013 WL 3771298, at *1; *Torres*, 2013 WL 776278, at *1–3; *Gammill*, 297 S.W.3d at 797–98, 801–02; *Finley*, 4 S.W.3d at 320; *Chapman*, 781 S.W.2d at 315.

Johnson does not assert that at the time the trial court granted summary judgment the court knew or had notice that the Governmental Entities had not given Johnson notice of the filing of their summary-judgment motion and the submission of their motion for a ruling. Johnson does not assert that in the absence of a response, the Governmental Entities did not establish their entitlement to summary judgment based on their motion. If a non-movant proves in its motion for new trial that the non-movant had no notice of the summary-judgment motion and submission until after the trial court granted summary judgment, this proof

4

does not establish that the trial court erred in granting a summary-judgment motion in which the movant showed its entitlement to judgment as a matter of law and nothing indicated that the non-movant did not receive notice. Thus, Johnson challenges the trial court's denial of his motion for new trial but has not alleged that the trial court erred in granting the summary-judgment motion. If this court were to conclude that the trial court erred in denying Johnson's motion for new trial, we would reverse the trial court's judgment, but that remedy does not mean that Johnson has challenged the trial court's ruling on the summary-judgment motion.

**B. Did the trial court err in denying Johnson's motion for new trial?**

On appeal, Johnson complains that the trial court erred in denying his motion because the Governmental Entities did not give Johnson notice of the filing of their summary-judgment motion or the submission of their motion to the trial court for a ruling. Though Johnson alleged in his motion that the Governmental Entities did not give him notice of the filing of their summary-judgment motion or the submission of their motion to the trial court for a ruling, the law presumes that a trial court will grant summary judgment only after proper notice to the parties. *See Modelist v. Deutsche Bank Nat. Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.). To rebut this presumption, Johnson had the burden to show affirmatively a lack of notice by submitting evidence to the trial court refuting this presumption. *See id*.

The Governmental Entities contend that they properly served Johnson with the motion and notice of submission via his email address on file with the trial court. A document filed electronically under Texas Rule of Civil Procedure 21 "must be served electronically through the electronic filing manager if the email

address of the party or attorney to be served is on file with the electronic filing manager." Tex. R. Civ. P. 21a(a)(1). But pro se litigants are not required to participate in the electronic service program, and thus a pro se litigant's email address may not be on file with the electronic filing manager. *See Johnson v. Harris Cnty.*, No. 01-18-00783-CV, 2020 WL 930835, at *3 (Tex. App.—Houston [1st Dist.] Feb. 27, 2020, no pet.) (mem. op.). If a document is not filed electronically or if a document is filed electronically and the email address of the party to be served is not on file with the electronic filing manager, the document may be served by fax, by email, or by such other manner as the court in its discretion may direct. *See* Tex. R. Civ. P. 21a(a); *Johnson*, 2020 WL 930835, at *3.

The rules required Johnson to designate an email address on his pleadings. *See* Tex. R. Civ. P. 57 ("A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number."); *Johnson*, 2020 WL 930835, at *4. He did so. The certificate of service shows that the Governmental Entities served Johnson by email to the email address he provided in his pleadings. Johnson does not dispute that the Governmental Entities served him at this email address. Instead, Johnson contends that he told opposing counsel that communications should be sent to another email address. The record includes no evidence of this communication. Moreover, the record does not show that Johnson provided a different email address to the trial court.

The certificate of service in the summary-judgment motion and the notice of submission of the motion raised a presumption that the Governmental Entities served each document and that Johnson received each document. *See* Tex. R. Civ. P. 21a(e); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008,

6

no pet.). To rebut the presumption of receipt, Johnson had the burden to present evidence showing that he did not receive the summary-judgment motion and the notice of submission. *See Modelist*, 2011 WL 3717010, at \*2; *Approximately $14,980.00*, 261 S.W.3d at 186. In the absence of any proof to the contrary, the presumption has the force of a rule of law. *See Modelist*, 2011 WL 3717010, at \*2; *Approximately $14,980.00*, 261 S.W.3d at 186. Johnson submitted no evidence to the trial court in support of his motion for new trial; therefore, Johnson failed to rebut the presumption of proper service, receipt, and notice. *See Modelist*, 2011 WL 3717010, at \*2; *Approximately $14,980.00*, 261 S.W.3d at 186. In the absence of any evidence rebutting these presumptions, we conclude the trial court did not err in denying Johnson's motion for new trial. *See Modelist*, 2011 WL 3717010, at \*2; *Approximately $14,980.00*, 261 S.W.3d at 186.

Our concurring colleague asserts that in analyzing Johnson's sole issue, we ignore binding precedent from this court. We do not; instead, we heed the admonition that "[e]verything should be made as simple as possible, but not simpler."[1] Johnson does not cite this court's opinion in *Ramey v. Bank of Am., N.A.* or assert that it applies to today's case. *See* No. 14-11-01109-CV, 2013 WL 84922 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.). Nor does Johnson assert that he has shown good cause to file a late summary-judgment response.

In *Modelist v. Deutsche Bank Nat. Trust Co.*, the appellant asserted that the trial court abused its discretion in denying his motion for new trial on the ground that the appellees did not give him notice of the hearing on their summary-judgment motion, and the appellees did not serve him with a copy of their motion.

---

[1] This aphorism has been attributed to Albert Einstein. *See* THE ULTIMATE QUOTABLE EINSTEIN 475 (Alice Calaprice ed., 2011).

*See Modelist*, 2011 WL 3717010, at \*2. This court determined that the appellant had not submitted evidence rebutting the presumption of notice, and this court concluded that the trial court did not abuse its discretion by rejecting the appellant's lack-of-notice arguments. *See id.* This court did so without addressing whether the appellant had shown good cause or whether the appellant had satisfied the legal standard applicable to a request to file a late summary-judgment response. *See id.*

According to our concurring colleague, this court's precedent in *Ramey* requires this panel to address whether Johnson showed good cause to file a late summary-judgment response. *See post* at 1–3; *Ramey*, 2013 WL 84922, at \*2–3. After concluding that the appellants in *Ramey* had not submitted any evidence supporting their contention that they received notice of the summary-judgment motion and hearing, the *Ramey* court gratuitously determined whether the appellants had shown good cause to file a late summary-judgment response, even though the appellants had not asked the trial court for leave to file a late response and even though the appellants did not argue good cause on appeal. *See Ramey*, 2013 WL 84922, at \*1–3. This obiter dictum in *Ramey* does not obligate us to address whether Johnson showed good cause to file a late summary-judgment response, nor does it stop us from keeping the analysis as simple as possible by following this court's precedent in *Modelist*. *See id.*; *Modelist*, 2011 WL 3717010, at \*2. Even if there were a conflict between *Modelist* and *Ramey* (and there is not), the *Modelist* precedent would be binding and prevail over *Ramey* because the *Ramey* court did not distinguish or purport to apply the *Modelist* precedent, and because research does not reveal a decision from a higher court or this court sitting en banc that is on point and contrary to the *Modelist* precedent. *See Burnett v. Sharp*, 328 S.W.3d 594, 597–98 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Because Johnson did not submit any evidence in the trial court rebutting the

8

presumptions of proper service, receipt, and notice, we can conclude that the trial court did not err in denying Johnson's motion for new trial, without addressing whether Johnson showed good cause to file a late summary-judgment response. *See Modelist*, 2011 WL 3717010, at *2; *Approximately $14,980.00*, 261 S.W.3d at 186. Johnson's sole appellate issue lacks merit. So, we overrule the issue and affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Bourliot, J., concurring).

9