**Affirmed and Memorandum Opinion filed February 28, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00291-CV

---

### EUSTAVO REYES, Appellant

### V.

### SMS FINANCIAL CAP, LLC AND JPMORGAN CHASE BANK, N.A., Appellees

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-36619A**

---

### MEMORANDUM OPINION

Pro se appellant Eustavo Reyes challenges the default garnishment judgment rendered against him by the trial court in favor of appellee/garnishor SMS Financial Cap, LLC. Concluding that Reyes did not rebut the prima facie evidence of service and otherwise did not preserve a complaint for appellate review that the trial court committed reversible error, we affirm the judgment of the trial court as challenged on appeal.

# I. BACKGROUND

SMS's predecessor in interest received a default judgment against Eustavo Reyes[1] in April 2016 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. This judgment was assigned to SMS in June 2021.

In January 2022, SMS filed an application for writ of garnishment after judgment. The application was served on appellee JPMorgan Chase Bank, N.A. (Chase Bank) as the garnishee in possession of funds belonging to Reyes. Chase Bank answered the suit and stated that "using the information provided in the relevant bank records" Chase Bank was indebted to the same person under the name of "Eustavo Reyes d/b/a Luxury Home Builders" with an amount on deposit exceeding the underlying judgment of $31,866.19. SMS filed a certificate of compliance with Texas Rule of Civil Procedure 663a reflecting that Reyes was served with a copy of the application, writ of garnishment, and any related affidavits by certified mail to his last known address and to his post office box.

In March 2022, the trial court rendered judgment on the garnishment action ordering that SMS should recover the amount of the assigned judgment from Reyes's funds in Chase Bank. In April 2022, Reyes filed an answer with a general denial challenging the validity of the underlying 2016 default judgment. He timely filed a notice of appeal of the garnishment judgment.

# II. ANALYSIS

On appeal, Reyes generally complains that the garnishment of his funds was wrongful based on a lack of in personam jurisdiction.

---

[1] The default judgment was taken against "Estavo Reyes" by KHI Liquidation Trust, an entity created to liquidate the assets of Kimball Hill, Inc., a home-building company with which Reyes had previously had a business relationship.

## 1. Reyes did not rebut the prima facie evidence of service

A liberal construction of issue 1 reflects that Reyes is challenging the trial court's final judgment as void for lack of proper service and parties.[2, 3] He directly attacks the garnishment judgment as void arguing there was no service on him conferring jurisdiction to the trial court.[4] Personal jurisdiction, a vital component of a valid judgment, is dependent "upon citation issued and served in a manner provided for by law." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If service is invalid, it is "of no effect" and cannot establish the trial court's jurisdiction over a party. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).

Reyes maintains in his appellate briefing that, although one of the two addresses to which SMS sent notice was a valid address, he never received notice. Despite the fact the clerk's record contains a signed green card,[5] Reyes alleges, without evidentiary support, the two notices sent through certified mail were returned undelivered. The version of Rule 663a in effect at the time Reyes was served provided that the defendant-debtor in a garnishment action shall be served with a copy of the writ of garnishment, the application, accompanying affidavits

---

[2] Reyes is a pro se appellant and we construe pro se pleadings and briefs liberally. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). However, pro se litigants must comply with all applicable rules of procedure and substantive law. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant represented self).

[3] Issue 1 asks: "Can a writ a garnishment on a bank account be executed without proper notice to all account holders?"

[4] Reyes also suggests in his briefing that the writ of garnishment was invalid because there was another account holder who should have received notice and did not. He states the purported account holder, Florentino Reyes, was deprived of due process. There appears to be no evidence in the record establishing there was another account holder, but even were there such evidence, the issue was not preserved in the trial court. *See* Tex. R. App. P. 33.1(a).

[5] A "green card" is United States Postal Service Form 3811 (Domestic Return Receipt).

3

and orders of the court in any manner prescribed for service of citation or as provided in Rule 21a. Tex. R. Civ. P. 663a, 40 Tex. B.J. 709, 729 (Tex. 1977, amended 2021). Rule 21a authorizes service in person, by agent, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the trial court.[6] Tex. R. Civ. P. 21a(2). Service by certified mail is complete upon deposit of the documents in a properly addressed envelope, postage prepaid, in a post office or official depository of the U.S. Postal Service. Tex. R. Civ. P. 21a(b)(2); *see also Approximately $14,980.00 v. State,* 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing an authorized method of service is prima facie evidence of the fact of service. Tex. R. Civ. P. 21a(e); *see Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex. 2005) ("[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received."). The opposing party may present evidence to rebut the presumption that notice was received. Tex. R. Civ. P. 21a(e); *see Jacobs v. Jacobs*, 448 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

SMS filed a certificate of compliance with Rule 663a in the trial court raising a presumption that notice was received. Although Reyes's answer did allege that he had not been served, Reyes did not file a motion for new trial rebutting the presumption of service.[7] On appeal, he argues that the trial court should have considered his answer to be a motion for new trial. However, nowhere

---

[6] Rule 21a also has specific provisions for service of documents filed electronically, which we do not address here as they are not applicable. *See* Tex. R. Civ. P. 21a(a)(1).

[7] A motion for new trial would have been the appropriate vehicle for Reyes to present evidence that he was not properly served with process. Tex. R. Civ. P. 329(b)(1) (motion for new trial is prerequisite to asserting complaint on appeal on which evidence must be heard); *see Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006) (holding parties can introduce evidence to show lack of actual service in motion for new trial or bill of review).

in the answer does Reyes ask the court to reconsider its final judgment, nor did he include any evidence rebutting the presumption of service that had been established in the record.

Because there was no evidence attached to Reyes's answer rebutting the prima facie evidence of the fact of service in the record, we conclude that Reyes has not met his burden and overrule issue 1. *See* Tex. R. Civ. P. 21a(e).

## 2. Compliance with Rule 663a

In his issue 2, Reyes attacks the service of the writ of garnishment arguing the notices sent by SMS did not include the language required by Rule 663a.[8] While this issue was not raised in the trial court, we note that the admonishments required to be included in the writ of garnishment by the current version of Rule 663a were not in effect at the time that Reyes was served with the writ of garnishment. Tex. R. Civ. P. 663a.[9] The record reflects that the notice served by SMS complied with the version of the rule in effect at the time of their application and Reyes's service.[10] Therefore, even if Reyes had preserved a complaint for

---

[8] Issue 2 asks: "Can a writ a garnishment on a bank account be executed without strict compliance of Tex. R. Civ. P. 663a?"

[9] The current version of Rule 663a requires a plaintiff serving a writ of garnishment to also serve a defendant-debtor with a Seizure Exemption Notice, the Instructions for the Seizure Exemption Claim Form, and the Seizure Exemption Claim Form adopted by the Texas Supreme Court. *See* Tex. R. Civ. P. 663a. The current version of the rule also requires the inclusion of more extensive admonishments in the writ of garnishment. *Id*. The current version of the rule went into effect on May 1, 2022. *See* Misc. Docket No. 21-9152 at *7 (Tex. Dec. 7, 2021); *see also* Act of May 31, 2021, 87th Leg., R.S., ch. 934, §§ 15.01 (codified at Tex. Gov't Code § 22.0042), 15.02 (requiring supreme court to adopt rules and forms under Government Code § 22.0042 no later than May 1, 2022).

[10] Before May 1, 2022, Rule 663a required that defendant-debtor receive the following admonishment on the face of the writ:

YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT.

appellate review, the record does not reflect any lack of compliance with Rule 663a in the writ.

We overrule issue 2.

### 3. The remaining issues

Although Reyes raises three additional issues on appeal, none of these issues identify any error committed on the part of the trial court. Issue 3 asks what duty a garnishor (here, SMS) has to ensure proper service is effected on a judgment-debtor in a garnishment proceeding. Issue 4 asks what duty a garnishee (here, Chase Bank) has to ensure proper service is effected on a judgment-debtor in a garnishment proceeding. Issue 5 asks whether a garnishee institution (here, Chase Bank) has a fiduciary duty to a judgment-debtor with regards to a garnishment proceeding. Even liberally construing Reyes's briefing, these three issues appear to raise legal questions directed to the actions of appellees.

Because Reyes does not assert any error on the part of the trial court, there is nothing for this court to review with respect to issues 3, 4, and 5. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (issues on appeal do not meet requirements of Texas Rules of Appellate Procedure if they do not point out any error allegedly committed by trial court); *see also* Tex. R. App. P. 38.1(f), (i). We overrule issues 3, 4, and 5.

---

Tex. R. Civ. P. 663a, 40 Tex. B.J. 709, 729 (Tex. 1977, amended 2021).

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal. *See* Tex. R. App. P. 43.2(a).

/s/     Charles A. Spain
        Justice

Panel consists of Justices Spain, Hassan, and Wilson.

7